## HAWSE *v.* BURGMIRE.

1. The several States may, in virtue of their reserved sovereignty, bar by statute, remedies upon contracts made in sister States, if suit be not brought within a period prescribed, and it is immaterial that the period limited is greater on contracts arising in the State, than upon those arising without the State.

2 When a promissory note was dated, executed and delivered in this State, although given for an indebtedness arising without the State, *held,* that the cause of action founded upon the note accrued within this State, and that evidence that the maker had agreed to pay the note in another State was immaterial.

3. When a promise in the common counts was laid at a time subsequent to the commencement of the action, *held* to be a clerical error, and cured by verdict.

*Error to County Court of Clear Creek County.*

THE facts are stated in the opinion.

Messrs. ROCKWELL & HUGHES, for plaintiff in error.

Messrs. MORRISON & WHITE, for defendant in error.

THATCHER, C. J.   This action was brought by Burgmire against Hawse on the following promissory note :

    "GOLDEN CITY, COLORADO, *April* 16, 1872.
Six months after date I promise to pay H. Burgmire, or order, the sum of one hundred and fifty dollars, with twelve per cent interest from date.

SAMUEL HAWSE."

The declaration contained a special count on the promissory note, and also the consolidated common counts.

The defendant pleaded (1) the general issue and (2) that the cause of action arose without the State of Colorado more than two years before the commencement of the action.

By section 16, chapter 60, General Laws, it is enacted as follows : "It shall be lawful for any person against whom any action shall be commenced in any court of this State, where the cause of action accrued without the State, upon

a contract or agreement, express or implied, more than two years before the commencement of the action * * * * * to plead the same, and give the same in bar of the plaintiff's right of action."

Of the validity of this section we entertain no doubt. The several States may, in virtue of their reserved sovereignty, bar by statute, remedies upon contracts made in sister States, if suit be not brought for their enforcement within the period prescribed. That the period limited by statute within which to bring suit upon actions or contracts arising in this State, is greater than the period prescribed for those arising on contracts in other States is not material. The statute of limitations of each State is without extra-Territorial force. By the law of the forum the remedy must be determined. Angell on Lim., ch. 8.

The controlling inquiry in this case is, whether the note upon which suit is brought comes within the true intent and meaning of this section, whether it is a cause of action which accrued within the State. Upon the solution of this question must depend our decision.

The note is an express contract. It was made in Golden City in this State, and there delivered to Burgmire's agent. On this contract the liability of the defendant arose. It is, however, contended that although the note was dated and executed within the State, that it must be treated as a Wyoming contract, on the ground that the original liability which was the inducement to the execution of the note, arose in the Territory of Wyoming.

Hawse had in Wyoming guaranteed the payment of a certain debt to Burgmire. This he failed to satisfy. For the amount of that he gave the note in suit. The former indebtedness was thus merged in the note. On its face it is a Colorado note, and the evidence proves that it was made here.

In our view it was not the purpose of the law-makers to include in the provisions of the section we are considering, contracts made within the State.

Where did the cause of action founded upon the note *accrue ?*

In Illinois, under a statute precisely like our own (ch. 70, R. S., § 2), which provides that "it shall not be lawful for any plaintiff to sue a defendant out of the county where the latter resides, or may be found, except in cases where the debt, contract, or cause of action *accrued* in the county of the plaintiff   *   *   *   when it shall be lawful to sue in such county, and process may issue against the defendant to the sheriff of the county where such defendant resides," the question as to the meaning of the word *accrued* came before the supreme court of that State.

In *Phelps* v. *McGee*, 18 Ill. 158, it was held that *accrued*, as used in the section just quoted, refers to the place where the contract was finally executed and became obligatory upon the parties.

In *Aird* v. *Hayne*, 36 Ill. 174, it was held that an averment in a plea that the cause of action *accrued* in a certain county is equivalent to the averment that the contract was made in that county.

We are satisfied that it was not within the reasonable intent of the legislature to extend the provisions of sec. 16, ch. 60, Gen. Laws, to any contract made within the limits of the State. It was designed to apply to contracts entered into beyond its jurisdiction.

Defendant offered oral evidence to show that he had agreed to pay the note in Wyoming. This evidence was immaterial. Whether the defendant had agreed to transmit money in payment of the note to Wyoming, or pay the note only on presentation in Golden City, does not, in our opinion, affect the construction of the section.

The note was misdescribed in the special count, and was therefore not admissible under it. Plaintiff in error insists that it was not admissible under the common counts, on the ground that the promise therein was laid at a time subsequent to the commencement of the suit. This fault in the declaration which was evidently a clerical error is cured after verdict. *Sorrel* v. *Lenin*, 1 Keb. 354; *Bemis* v. *Faxon*, 4 Mass. 264.

Judgment of the court below is

                                        *Affirmed.*