## BLILER v. BOSWELL, ADMINISTRATOR.

ESTATES OF DECEDENTS — ADMINISTRATION — JURISDICTION — WITNESSES — EVIDENCE — PROMISSORY NOTES — LIMITATION OF ACTIONS — STATUTORY CONSTRUCTION — MARRIED WOMEN — STALE DEMAND.

1. Where a non-resident of the State dies in the State, leaving personal property in the county where the death occurred, the district court of such county has jurisdiction to grant letters of administration on the estate.

2. A non-resident of the State died in the State, leaving in the county where she died certain cattle, money on deposit in a bank, and certain notes sued on. *Held*, that the district court of the county wherein the decedent died had jurisdiction to grant letters of administration on the estate.

3.  In a suit brought by an administrator upon certain notes given by the defendant to the decedent in the latter's lifetime, the defendant is not a competent witness to prove that the notes were given at a place other than the place stated in the notes, as such testimony would not come within any of the exceptions of the statute prohibiting a party from testifying where the adverse party is an administrator, etc.

4.  Where no place of payment is expressed in a promissory note, the place of payment is understood to be where the maker resides. The place of date is, however, *prima facie* evidence that it is the place where the maker resides and does business. The place of date does not of itself make it payable there, and when payable, generally, the parties may agree upon a place where it shall be presented, and parol evidence is admissible to prove such an agreement.

5.  Where promissory notes are executed in this State, neither maker nor payee then or at any time subsequently residing here, but both of them residing in another and the same State, and continuing to reside there until the maturity of the notes and for a long time afterward, and neither of them at any time becoming a resident of this State: *Held*, that the cause of action upon the notes arose in such other State, within the meaning of the statutory provision, that "if by the laws of the State or country where the cause of action arose, the cause of action is barred, it is also barred in this State;" and if the cause of action as to either of the notes is barred in the other State, it would be barred here.

6.  When the statute of limitations once begins to run, it is not arrested by any subsequent disability; and that rule applies to the disability of coverture.

7.  The marriage of the payee in a promissory note, after the cause of action accrues, in case marriage constitutes a disability, would not stop or suspend the operation of the statute of limitations.

8.  The courts of this State do not take judicial notice of the statute laws of other States.

9.  General enabling acts permitting a married woman to sue and be sued, do not operate to modify or repeal, by implication, an exception as to her contained in general statutes of limitation.

10.  In a suit at law for recovery of the amount alleged to be due upon promissory notes, a defense is not available that the demands are stale, outside the defense of the statute of limitations.

[Decided Jan, 13, 1900.  Rehearing denied July 16, 1900.]

Error to the District Court, Albany County; Hon. Charles W. Bramel, Judge.

Suit was brought upon promissory notes by Nathaniel K. Boswell, administrator of the estate of Bertha A. Hance, deceased, against Warren Bliler. Judgment was given for the plaintiff, and defendant alleged error. The facts are fully stated in the opinion, so far as material.

*C. E. Carpenter*, for plaintiff in error.

Movables by fiction of law are deemed to be attached to the person of the owner, and to be present at his domicil, regardless of their actual situation. (Hawes v. Juris., 17 and 210; 1 Whart. Conflict of Laws, 393; Story Conflict Laws, 374.) Choses in action follow the person of the owner. A State has no jurisdiction over the person of a non-resident, nor over his choses in action, because they have no location or tangibility in the State. [Hawes Juris., 212.] In matters of probate and settlement of estates of decedents, the domicil is the place of primary and exclusive jurisdiction. (Leonard v. Putnam, 51 N H., 247; Est. of Harlan, 24 Cal., 182; 1 Woer. on Adm., 360.) Simple contract debts are not *bona notabilia*, and they must be administered upon at the place where the debtor resides. (1 Woer. Adm., 205; 2 id., 309.)

Grant of letters of administration upon the estate of one who did not reside within the jurisdiction of the court issuing the letters at the time of death is void. (Bank v. Wilcox, 15 R. I., 258; Mallory v. Burlington, 53 Kan., 557.)

The causes of action on the notes arose in Colorado, and being barred by the laws of that State, are barred by the laws of this State. (Anderson's L. Dict., 157; R. S. of 1887, Sec. 2379; Mill's Stat. Colo., Sec. 2900, 2914.) Statutes of limitation once put in operation, continue to run, notwithstanding subsequent disabilities. (Doyle v. Wade, 23 Fla., 90; Castro v. Gill, 110 Cal., 292; Kistler v. Hereth, 75 Ind., 177; Nicks v. Martindale, 18

Amer. Dec., 647; Moor v. Armstrong, 10 O., 11.) The marriage of a woman does not interrupt the running of the statute. The equity side of the court was appealed to. The suit attempted to enforce a stale demand. Equity will give relief in such cases. (Nepach v. Jones, 20 Oreg., 421; Reynolds v. Summer, 126 Ill., 58; Hudson v. Layton, 5 Harr., 74; Mc Carter v. Traphagen, 43 N. J. Eq., 323; Nelson v. Kounsler, 79 Va., 468; Perkins v. Lane, 82 id., 59; Douglass v. Douglass, 72 Mich., 86; Montgomery v. Noyes, 73 Tex., 203; Snell's Prin. Eq., 43.) In this State there is but one form of action, and the defendant may set up an equitable defense, as was done in this case. We think that the court should have admitted the testimony of the defendant as to the place of execution of the notes. Such testimony seems to come within the spirit of the exceptions in the statute.

*N. E. Corthell*, for the defendant in error.

The fact that personal property of the deceased was found in the county was sufficient to invest the court with jurisdiction to administer the estate. (L. 1890–91, 245; 1 Woer. Adm., 204.)

The notes being Wyoming contracts, the causes of action thereon arose here, and the laws of Colorado have no application. The notes having matured in 1883 and 1884, respectively, they are governed by the law as existing then. (Comp. L. of 1876, Ch. 13, Tit. 2, p. 34.) Upon the general proposition that the laws of the other State do not apply, the following authorities are cited. (Hawse v. Burgmire, 4 Colo., 413; Thompson v. Ketchum, 8 Johns., 189; Collins v. Manville, 170 Ill., 614; Wood v. Bissell, 108 Ind., 229; Goodknow v. Stryker, 62 Ia., 221; J. Shillito Co. v. Richardson, 42 S. W., Ky., 847; Chevvier v. Robert, 6 Mont., 319; Patent T. Co. v. Stratton, 89 Fed., 174; Holley v. Coffey (Ala.), 26 So., 239; Phelps v. Mc Gee, 18 Ill., 158; Aird v. Hayne, 36 id., 174; Weber v. Yancey, 7 Wash., 84.)

When one cause of action accrued, the payee was a married woman and continued so to be until her death. That fact, in Colorado, as well as in Wyoming, would have prevented the statute from running. The legislation giving additional rights to married women did not impliedly repeal the statutes of limitations as to her. The exceptions as to married women remain unless expressly repealed. (Rowland v. Mc Guire, 64 Ark., 412; North v. Jones, 61 Miss., 761; Lindell R. E. Co. v. Lindell, 142 Mo., 61; Lippard v. Troutman, 72 N. C., 551; Hurlbut v. Wade, 40 O. St., 603; Ashley v. Rockwell, 43 id., 386; Lattie v. Holliday, 27 Ore., 175; Fitsimmons v. Johnson, 90 Tenn., 416; Alsup v. Jordan, 69 Tex., 300; Stubblefield v. Menzies, 11 Fed., 268; Fink v. Campbell, 70 id., 664.) Staleness of a demand is a defense allowed in equity in a suit brought to enforce a mere equitable right; but it has no application to a proceeding to enforce a legal right. (Montgómery v. Noyes, 73 Tex., 203; Badger v. Badger, 2 Wall., 87; Brown v. Buena Vista, 95 U. S., 157; Lansdale v. Smith, 106 id., 391; Ball v. Ball (R. I.), 40 Atl., 234; Hamilton v. Dooley, 15 Utah, 280.) It is always largely a question of fact for the trial court. (Meherin v. S. F. Prod. Co., 117 Cal., 215; Pike v. Martindale, 91 Mo., 285.) And as long as the statutes of limitations have not run, the right to bring suit is not barred by mere lapse of time. (Marshall v. De Cordova, 50 N. Y., 294.) The testimony of the defendant was not competent, as he is prohibited from testifying, the adverse party being an administrator. (R. S., 2588; 1 Greenl. Ev., 329.)

Potter, Chief Justice.

Nathaniel K. Boswell, as the administrator of the estate of Bertha A. Hance, deceased, brought this action against Warren Bliler upon two promissory notes executed by the latter to Bertha A. Martin July 1, 1879, and Oct. 1, 1879, respectively. The said Bertha A. Martin subsequent to the execution of the notes was married to Anson

I. Hance. She died intestate Nov. 8, 1897, and said Boswell was appointed administrator of her estate Jan. 4, 1898, by the district court for Albany County in this State.

Judgment was rendered in favor of the plaintiff in the action for the amount of the notes with interest, amounting to $2,803.12 and costs of suit. The amount due upon the first cause of action was found to be $1,384.02, and upon the second cause of action $1,419.10. The defendant brings the case here on error.

The note of July 1, 1879, which constitutes the subject of the first cause of action, was given for $425. It became due by its terms, five years after date, and bears interest at the rate of ten per cent per annum. Upon this note two payments had been made, as follows: $67.30 Feb. 1, 1881, and $30 April 1, 1881. The note of Oct. 1, 1879, which is made the basis of the second cause of action, was given for $400, matured four years after its date, and bears interest at the rate of eight per cent per annum.

The defendant below, plaintiff in error here, interposed as a defense the statute of limitations. This defense had been anticipated by the plaintiff who alleged in his petition that when the causes of action accrued, the defendant was out of, and had not since been in, Wyoming, except for temporary and occasional purposes, not exceeding in the aggregate the period of six months; and also that the payee was a married woman at the time the causes of action accrued, and continued to be a married woman until her death. The jurisdiction of the district court for Albany County to appoint an administrator was assailed by the answer, and it was also asserted, as a defense, that the demands were stale, and for that reason should not be enforced. A reply was filed which denied the material new matter set up in the answer.

Certain facts were agreed upon, at the trial, by written stipulations of the parties. The defendant below offered to prove, by his own testimony, certain other facts, which

offer was rejected. The rejection of that evidence, so offered, is assigned as error; and the facts thus attempted to be shown will be stated in considering said assignment of error.

Stated as briefly as is consistent with a proper presentation of the case, the agreed facts, in addition to what has been already mentioned, are as follows: The maker and payee of the notes were brother and sister, and resided at the ranch of the maker (Bliler) in Larimer County, in the State of Colorado, at the time the notes were given, and when they respectively became due, and so resided continuously from the year 1878 — the payee until her death, in November, 1897, and the maker until the trial of this action — and neither of said parties ever resided in Wyoming. The defendant, plaintiff in error here, had not been in Wyoming since the causes of action accrued except at occasional intervals, and not exceeding six months in the aggregate.

When the notes were executed, the payee, Bertha A. Martin, was a single woman, and she was married to Anson I. Hance, Jan. 20, 1884, and continued in that relation until her death.

The notes upon their face purport that the place of their execution was Corlett, in Albany County, Wyoming, which was the post-office address of both of the parties to the notes.

Said notes were kept in the State of Colorado from the date of their execution until they became due and payable, and the cause of action accrued thereon respectively; and they remained in said State thereafter for more than nine years.

At the time of the death of the payee, Bertha A. Hance, she was a resident of Colorado, but she died in the county of Albany, in the State of Wyoming, while on her way through the said county to her place of residence in Colorado. At the time of her death she was not possessed of any real property in Wyoming, and the administration in this State is wholly upon personal property.

The inventory filed by the administrator of her estate shows that the same consists of sixteen head of range cattle, cash amounting to $475, in a bank at Laramie, in said Albany County, in this State, and the two notes in suit.

It was agreed that the law of the State of Colorado regulating the limitation of actions in force when the causes of action accrued, and at all times since the first day of January, 1878, is as follows: " Section 2900. The following actions shall be commenced within six years next after the cause of action shall accrue and not afterward: First, all actions of debt founded upon any contract or liability in action; Second, all actions upon judgments rendered in any court not being a court of record; Third, all actions for arrears of rent; Fourth, all actions of assumpsit, or on the case founded on any contract or liability expressed or implied; Fifth, all actions for waste and trespass to land; Sixth, all actions of replevin, and all other actions for taking, detaining, or injuring goods or chattels; Seventh, all actions on the case except actions for slanderous words and for libels. '

It was also agreed that the following statutes of Colorado were in force at all times material to this case:

" Section 2914. If any person entitled to bring any of the actions before mentioned in this act" (including the actions of the class to which this action belongs), " shall, at the time when the cause of action accrues, be within the age of twenty-one years, or a married woman, insane, imprisoned, or absent from the United States, such person may bring the said actions, within the time in this chapter respectively limited, after the disability shall be removed."

" Section 2916. If any person entitled to bring any of the actions before mentioned herein " (including the class of actions to which the cause of action set forth in the plaintiff's petition belongs), " shall die before the expiration of the time herein limited therefor, and if the cause of action does by law survive, the action may be com-

menced by the executor or administrator of the deceased person, as the case may be, any time within one year after the grant of letters testamentary or of administration, and not afterward, if barred by the provisions of this chapter.''

The errors assigned are, that the judgment is not sustained by sufficient evidence, and is contrary to law; that the amount of recovery is excessive; and that the court erred in rejecting the testimony of plaintiff in error, which was offered for the purpose of proving that the notes were executed in the State of Colorado, instead of Wyoming as stated upon their face.

One of the propositions insisted on by counsel for plaintiff in error is, that there existed no jurisdiction in this State to appoint an administrator of the estate of the decedent, Bertha A. Hance. It is contended that the grant of letters of administration by the district court of Albany County is void, for the reason that the deceased possessed no real property in this State, and at the time of her death resided in the State of Colorado. But her death occurred in Albany County, in this State, and she left personal property in that county. This was sufficient to confer jurisdiction upon said court. Jurisdiction in such case, to grant letters of administration is expressly conferred upon the district court in the county where the decedent may have died. Both by the constitution and statute the district court possesses original jurisdiction in matters of probate. (Const. Art. V., Sec. 10; Rev. Stat., Sec. 4531.) In respect to the county wherein estates of deceased persons shall be administered, the statute provides as follows: '' Wills must be proved, and letters testamentary or of administration granted: 1. In the county of which the decedent was a resident at the time of his death, in whatever place he may have died; 2. *In the county in which the decedent may have died leaving estate therein he not being a resident of the State;* 3. In the county in which any part of the estate may be, the decedent having died out of the State, and not resi-

dent thereof at the time of his death; 4. In the county in which any part of the estate may be, the decedent not being a resident of the State, and not leaving estate in the county in which he died; 5. In all other cases, in the county where applications for letters in the county in which he died is made." (Rev. Stat., Sec. 4530.)

Counsel, however, invokes the principle that movables, by fiction of law, are deemed to be attached to the person of the owner, and to be present at his domicil wherever their actual situation may be. This is doubtless a correct statement of an abstract or general proposition of law; but it is subject to a number of modifications or exceptions, which need not be here considered. The principle is not applicable to the question now under consideration, which involves the control of the devolution of property upon the owner's death.

The property of deceased persons is vested by law in representatives who, for the purposes of its disposition or devolution, continue the person of the defunct. And, it is said, that since the laws of every State affect and bind directly all property within its territorial limits and all persons residing therein; and the State may regulate the manner and circumstances under which property within it, whether real 'or personal, shall be held, transmitted and enforced, it is evident that no one can, in a representative capacity, whether *a testato* or *ab intestato*, meddle or interfere with a succession before probate of the will or grant of administration, or some other formal induction into the property in the forum of the country or State where it is found. 1 Woerner on the Am. Law of Administration, Sec. 157; Story on Conflict of Laws, Sections 390, 520.

" Where a person dying leaves property in several jurisdictions, the legal representatives of such person must derive their authority from each of as many sovereignties as may have jurisdiction over the property so left, because the territorial element of the law, or rather of the sovereignty from which the law emanates, permits no

other sovereignty to exercise authority over it, and each therefore must itself create the legal ownership necessary in its devolution.'' 1 Woerner, Sec. 158.

Judge Woerner in his excellent treatise, above cited, states that the rule in this country is universal, that administration may be granted in any State or Territory where unadministered personal property of a deceased person is found, or real property subject to the claim of any creditor of the deceased; and that probate of the will of any deceased person may be granted in any State where he leaves personal or real property. Vol. 1, Sec. 204. And in discussing the question of *bona notabilia*, the designation applied in England, and occasionally in this country, to the property of a non-resident sufficient to authorize a grant of administration, it is said by the same learned author that negotiable promissory notes, bonds payable to the bearer, or evidences of debt to which the title passes by manual delivery or simple indorsement, are *bona notabilia* in any State where they may be found.

In the case at bar, the notes in suit constituted but a part of the property of the decedent found in the State. There were cattle; and also money on deposit in a bank; and as to the money so on deposit, it would seem that a local administration would be necessary to invest the representative with complete authority to require its return or payment from the bank. It is entirely clear, I think, that the district court of Albany County had ample jurisdiction to entertain the administration proceedings, and that its appointment of the defendant in error as administrator is not void.

We will now proceed to an examination of the error assigned in respect to the rejection of the offered testimony of the plaintiff in error. Although the notes, upon their face, were dated Corlett, Albany County, Wyoming Territory, it was alleged in the answer that they were actually executed in the County of Larimer in the State of Colorado, and that the use of the place named in the

notes arose from the fact that it was the post office address of both of the parties.

Upon the trial, the plaintiff in error offered to prove, by his own testimony, that the notes were executed and delivered in the County of Larimer in the State of Colorado; and further, that the consideration for said notes wholly arose in said county and State, which consideration was money loaned by the payee to the maker, and which occurred at the same time that the notes respectively were given, both occurring at the ranch of the plaintiff in error. The offer was objected to upon the grounds that: 1. It was in part a repetition of matters already admitted to be true; 2. That the evidence would tend to vary the terms of the written contracts; 3. That the witness is disqualified by law from giving the proposed testimony; and 4. That it is incompetent. The objection was sustained to which an exception was reserved.

One point only of the objections interposed to the offered testimony need be considered, as it is sufficient to sustain the ruling of the court, viz., the disqualification of the plaintiff in error. The statute provides as follows: "A party shall not testify where the adverse party is the guardian or trustee of either a deaf and dumb or an insane person is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person," except in certain specified cases. Rev. Stat., Sec. 3683. The evidence proposed does not come within any of the cases excepted out of the general provision. This is so manifestly true that we do not deem it necessary to extend the discussion of the matter by particular reference to such exceptions. There was, therefore, no error in the exclusion of the testimony.

The contention which next requires our attention, is that action upon the notes is barred by the statute of limitations. For convenience in the consideration of this question, it may be well to restate the facts upon which it will have to be determined. The notes were executed in this State. That is what they purport, and there is noth-

ing in the case to the contrary, even if it would have been competent to have shown otherwise, which it is unnecessary for us to now decide. At the time of their execution, and for some time prior thereto, and continuously therefrom, both the maker and payee resided in the State of Colorado, and never at any time did either of them reside in Wyoming. Although the plaintiff in error, the maker of the notes, was within this State at occasional intervals, not exceeding six months altogether, he was out of it when the causes of action respectively accrued, and had since remained out of the State except as above mentioned. The notes themselves were kept in the State of Colorado from the time of their execution and delivery until they respectively became due, were there when the causes of action respectively accrued, and remained in that State for a period of more than nine years thereafter. When the notes were given, the payee was a single woman; but she was married Jan. 20, 1884, and continued to be a married woman until her death. The note of Oct. 1, 1879, matured in four years, or in October, 1883, which was previous to the marriage of the payee; and the other note matured in July, 1884, which was subsequent to her marriage.

Under the laws of the State of Colorado the time limited for bringing an action upon the notes was and is six years after they respectively accrued; but in case the person entitled to bring the action shall at the time when the cause of action accrues be a married woman, she may bring the same within the same period — six years — after such disability shall be removed.

In this State the limitation is five years upon any specialty, or any agreement, contract, or promise in writing; except that if when a cause of action accrues against a person, he is out of the State, or has absconded or concealed himself the period limited, shall not begin to run until he comes into the State, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the State or abscond or conceal himself, the

time of his absence or concealment shall not be computed as a part of the period within which an action must be brought. Rev. Stat., Sections 3454, 3463.

It is not claimed that the action was barred under these provisions of our law. It is, however, contended that the bar existed and still exists by reason of the following provision of our statute: "If by the laws of the State or country where the cause of action arose, the action is barred, it is also barred in this State." Rev. Stat., Sec. 3464. It is insisted that the causes of action arose in the State of Colorado, and that action thereon is barred in that State, and is therefore barred here. On the other hand, counsel for defendant in error, in the first place, maintains that, as the notes were executed in this State, they are Wyoming contracts, and the causes of action arose here.

The precise question, therefore, which is first presented is, Where did the causes of action arise? Counsel for defendant in error has cited a number of authorities in support of his position, but none of them seem to have involved a consideration of the particular question now before us. Of the cases so cited, the one which, perhaps, approaches the question more closely than the others, is Hawse v. Burgmire, 4 Colo., 313. The suit in that case was brought upon a note executed in Colorado, and prescribing no place of payment. No question growing out of the residence of the parties seems to have been presented or considered. The statute which was. construed was one which limited the time for bringing an action to two years upon any cause of action which accrued without the State upon any contract express or implied; and it was held that the said provision did not apply to any contract made within the State. In the sense of that statute it was decided that if the contract was made within the State, it accrued there. It is to be observed that the statute placed a shorter period of limitation upon a cause of action accruing without the State than in other cases; and the decision is authority

only upon the construction of that statutory provision. Whether the action was barred elsewhere was not considered, nor does that question seem to have been presented. The defendant did contend that the original liability arose in Wyoming, and that fact was held immaterial, as well as the fact that the maker had agreed to pay the note in Wyoming. It was said that the former indebtedness had been merged in the note which was executed in Colorado, and that whether the maker had agreed to transmit money to pay the note to Wyoming, or pay the note only on presentation, at the place where it was made, would not affect a construction of the section of the statute referred to.

The case cited from Montana, Chevrier v. Robert, involved an action upon a judgment rendered in Canada. It was conceded, apparently, that the cause of action arose in Canada, as the judgment could have been sued upon there at any time after its rendition. But the debtor removed to Nevada, and remained there long enough for the statutes of that State to bar the demand. Suit was afterward brought in Montana, and the question for determination was, whether the bar in Nevada could be interposed, under a statute of Montana similar to our Section 3464. It was held that a cause of action can arise but once; and as the cause of action sued on arose in Canada, it did not within the meaning of the statutes of Montana arise in Nevada. It will be seen that this case was determined upon a different state of facts from those in the case at bar.

We do not think it expedient to review the other cases cited, and point out the essential difference between the precise matter in controversy and decided in each case, and that presented here. Although some of the remarks found in the various opinions might seem somewhat applicable, taking into consideration the difference in facts and the point in controversy, they fail to materially illuminate the question involved in the case at bar.

It should be observed that the notes in suit did not

express any place of payment. While it may not be altogether controlling, it may be well to inquire as to the place where the notes were payable in the absence of designation of a place of payment on their face, or by any other collateral agreement.

Where no place of payment is expressed in the note, the place of payment is understood to be where the maker resides. 1 Daniel on Neg. Instr., Sec. 90. The place of date in a note does not, of itself, make it payable there, and when a note is payable generally, the parties may agree upon the place where it shall be presented, and parol evidence is admissible to prove such an agreement. Id., Sec. 639. The place of date is, however, *prima facie* evidence that it is the place of the maker's residence and place of business; and to charge an indorser it would be sufficient, probably, to have the note at that place at maturity, provided the holder does not know that the maker's residence is elsewhere. Id., Sec. 640. In this case there can be no doubt under the agreed facts but that the payee and holder knew when the note became due that the maker's residence was in Larimer County, Colorado.

It is not necessary, however, to rest our decision altogether, if at all, upon a consideration of the law affecting the place of payment of promissory notes, when that is material upon the question of presentment for payment. There are other considerations which, we think, are conclusive.

A cause of action is defined as matter for which an action may be brought. It is said to accrue to any person when that person first comes to a right to bring an action. A cause of action implies that there is some person in existence who can bring suit, and also a person who can lawfully be sued.

Again, when a wrong has been committed, or a breach of duty has occurred, the cause of action has accrued, although the claimant may be ignorant of it. A cause of action does not accrue until the existence of such a state

of things as will enable a person having the proper rela-
tions to the property or persons concerned to bring an
action.   Bouvier's Law Dict., Rawle's Revision, Vol. 1,
p. 295.

The statute of limitations is never held to have com-
menced to run upon a note until it has become due, and
the duty has devolved upon the party liable to make pay-
ment.   Can it be true, that notwithstanding both maker
and payee resided in Colorado when the notes were exe-
cuted and when they became due, both parties having
continuously resided there in the meantime, that the
causes of action arose in this State merely because the
notes were executed here?   Or did the causes of action
arise in the State where both parties resided, and where
the jurisdiction of the Colorado courts could have been
invoked at any time for a period of thirteen years for a
recovery upon one note and fourteen years upon the
other?

In Illinois the statute in respect to this question is
somewhat like our own.   It is as follows: "When a
cause of action has arisen in a State or territory out of
this State, or in a foreign country and by the laws thereof,
an action thereon can not be maintained by reason of the
lapse of time, an action thereon can not be maintained in
this State."

In Wooley v. Yarnell, 142 Ill., 442, it was said:
"Where the maker of a promissory note, and the payee
reside out of this State when the note becomes due, and
the cause of action accrues in another State, and the
maker continues to reside out of the State, and in another
State, until, by the laws of such State an action on the
note is barred, the section of the limitation law, *supra*,
when pleaded to an action brought on such note in this
State, may constitute a bar to such action."   And that is
stated to be the doctrine of Hyman v. Bayne, 83 Ill.,
256, and also Hyman v. Mc Veigh, unreported, but
mentioned in 87 Ill., 708.

The decision in the unreported case above mentioned is

quoted from in Mc Guigan v. Rolfe, 80 Ill., App., 256, as follows: "The words, 'When a cause of action has arisen,' as they occur in the statute pleaded, should be construed as meaning when jurisdiction exists in the courts of a State to adjudicate between the parties upon the particular cause of action if properly invoked; or, in other words, when the plaintiff has the right to sue the defendant in the courts of the State, upon the particular cause of action, without regard to the place where the cause of action had its origin."

In the State of Illinois, as stated in Mc Guigan v. Rolfe, *supra*, the construction of the statute so as to bar an action in that State must be confined to causes where not only both parties resided out of the State when the action accrued, but both parties continued to reside out of the State, and "so remained until an action was barred in and by the laws of the foreign State where the domicile existed." It will be noticed that this rule of construction, would, if applied in the case in hand, constitute a bar to an action upon the notes in suit, in this State; unless the marriage of the payee operated to suspend the running of the statute of Colorado.

Where a note was executed in the State of California and made payable in Nevada, it was held that the cause of action arose in the latter State where the note was payable. Drake v. Found Treasure Min. Co., 53 Fed., 474.

Under a statute of Minnesota the same, so far as the present consideration is concerned, as that of Illinois, the Supreme Court of the former State had occasion to determine the question as stated in its opinion, "When is a cause of action deemed to have arisen in a particular State, territory, or country, within the meaning of this statute?" The facts of the case in brief were, that the notes sued on were executed in Wisconsin, the parties thereto being residents of that State. After the notes became due, the maker removed to Iowa, and there remained until action upon the notes was barred by the

laws of that State.  He then removed to Minnesota, where the action was brought.  The conclusion of the court was that where the cause of action did not arise in Minnesota, nor accrue to a citizen of that State; and it has come under the operation of the limitation law of another State, and continued under its operation until it became a bar, it is to be recognized as a bar in Minnesota.  The exception noted that it did not accrue to a citizen of the State, is expressly provided for by their statute.  This conclusion would seem to be in direct conflict with the case above cited from Montana.

In the able discussion of the question by Gilfillan, Chief Justice, after stating that all statutes of limitation, in prescribing the periods have reference, for the beginning thereof, to the time when the opportunity to commence the action arises, it is said: "We know of no such statute anywhere under which it would not be held that the causes of action had arisen in the State where the debtor resides, and had arisen in no other, and that it arose when the debt became due, for then and there concurred the two things necessary to make the opportunity to commence an action, to-wit: The existence of facts constituting a cause of action suable in the courts of that State, and the presence in it of the defendant in such cause of action.  The Legislature, of course, is presumed to have known that when it passed the statute; and in the clause, 'When a cause of action has arisen,' etc., it must have had reference not merely to the facts constituting the cause of action, but also to the existence of the fact that brings the cause of action within the operation of the statute of limitation."  It is also stated that very little doubt could be made, that, had defendant removed to Iowa a day or two before the notes fell due, and resided there the period of limitation by the law of that State, the bar in Iowa would have to be recognized by the courts of Minnesota under the provisions of their statute aforesaid, thus holding clearly that the cause of action would have arisen in the State where the debtor

resided when the notes became due.   Luce v. Clarke, 49 Minn., 356.   The Minnesota court went further than that, as shown above, and decided that the statute required a recognition of the bar of the statute of Iowa, although the notes had matured while the debtor remained in the State where they were executed; and it must be conceded gave some strong reasons therefor.   This latter question, however, is not involved in this controversy, for the reason that neither of the parties ever resided in this State where the notes were dated, and never removed from Colorado where they resided when the notes were made and severally became due.

It must be remembered that we are engaged in construing a section of the statute of limitations.   The words "accrued" and "arose" seem to be used interchangeably by text writers upon this subject, and in judicial opinions. When counsel alleges, and it is admitted that the plaintiff in error was out of the State when the cause of action accrued, the time when the note became due is referred to.   If the note was made in this State, as is contended, and must be conceded, then the maker was not out of the State at the time it was made; and we will not, in order to adopt the conclusions of counsel for defendant in error, assume that for all purposes he intends to assert that the cause of action accrued or arose when the note was made. The notes were not a proper subject of an action for their collection until they became due.   Until their maturity, there had not occurred any breach of duty on the part of the maker.   When they did become due, and a breach of duty did occur by non-payment, and the time and occasion arrived when, for the first time, an action would be maintainable upon the notes, both of the parties resided in Colorado, and continued to reside there until long after the statutes of that State had barred an action; unless indeed the right was saved by the exception still to be considered.

We are clearly of the opinion that the cause of action in respect to each of the notes arose in the State of Colo-

rado; and that if, in that State, the action is barred, it must be held to be also barred in this State. We perceive no reasonable escape from this conclusion.

This brings us to the exception in the Colorado statute, which has already been adverted to.

The decedent, Mrs. Hance, was not a married woman when one of the notes became due — the one embraced in the second cause of action — and when that cause of action accrued. By the words of the statute themselves it would seem that, as to that note, the exception would not apply. But it is a familiar and well-settled principle that when once the statute begins to run, it is not arrested by any subsequent disability, unless expressly so provided in the statute. And this rule applies to the disability of coverture. Wood on Lim. of Actions, pp. 10–12, 480. The marriage of the payee, therefore, after the cause of action had accrued in respect to the note of Oct. 1, 1879, did not have the effect of stopping or suspending the operation of the statute. No decision to the contrary by the courts of Colorado has been called to our attention, and we have noticed none. It must be held, therefore, and such is our conclusion, that an action upon that note was barred by the laws of Colorado, where the cause of action arose, and is for that reason, pursuant to the provisions of our own statute, also barred in this State.

When the cause of action accrued as to the note embraced in the first cause of action, the payee and holder was a married woman, and continued to be such until her death.

Counsel for plaintiff in error contends that as Colorado has by another statute removed the common law disabilities of a married woman, and authorized her to maintain a suit the same as if she were *feme sole* the exception in the limitation statute has been impliedly repealed; for the reason that, in fact, her coverture constitutes no disability.

As to this contention, it might be sufficient to observe that if any such statute, as stated, has been enacted in

Colorado, that fact was not shown upon the trial.    We do not take judicial notice of the statute laws of other States.    What may·be the particular language of the statute of Colorado which removes the legal disabilities of a married woman, we can not know, therefore, for the purposes of a decision of this case.    But if it is confined to permitting her to hold and convey property, sue and be sued the same as though she were *feme sole*, which seems to be customary in the case of such legislation in other States, and does not expressly repeal as to her, the provision of the limitation statutes under consideration, or directly regulate the period within which she may commence an action, it is well settled by the great weight of authority that the exception in the limitation statutes continues in force.    Wood on Lim., Sec. 240; Rowland v. McGuire, 64 Ark., 412; North v. Jones, 61 Miss., 761; Lindell, Etc. Co. v. Lindell, 142 Mo., 61; State *ex rel* Lippard v. Trautman, 72 N. C., 551; Hurlbut v. Wade, 40 O. St., 603; Ashley v. Rockwell, 43 O. St., 386; Morrison v. Halladay, 27 Or., 175; Alsup v. Jordon, 69 Tex., 300; Stubblefield v. Menzies, 11 Fed., 268; Fink v. Campbell, 70 Fed., 664.

The rule, thus established, that the enabling acts permitting a married woman to sue and be sued alone, do not operate to modify or repeal by implication the exception as to her contained in general statutes of limitations, is adopted upon the theory and for the reason, that, mere ability to sue does not create an obligation to do so; and that a married woman is not exempted from the operation of the general statutes merely because she was not allowed to sue alone, but on account of the marital relation itself which may have been supposed to disable her from asserting her rights.    It was said in Ohio, in the case of Ashley v. Rockwell, *supra*, "There would seem to be no difficulty or logical impropriety in the legislature providing that a married woman may sue alone, and in also providing that she may have a given time to sue after the disability of coverture is removed."

We are inclined to adopt the construction placed upon such statutes as aforesaid, which is supported by the unquestionable weight of authority, as it seems to us the more reasonable rule, in the absence of any other construction by the courts of Colorado, and none has been brought to our notice. This view requires us to hold that an action upon the note embraced in the first cause of action was not barred by the laws of Colorado, and hence was not barred in this State when this action was commenced.

Finally, it is urged that the demands sued upon are stale, and that on account of the laches of the holder of the notes in enforcing them a recovery should not now be permitted. In the first place this is not a suit wherein the holder of the notes invokes equitable relief, and therefore the doctrine contended for, which is applied by courts of equity in appropriate cases, is not available to the plaintiff in error as a defense to an action upon the notes brought to recover a judgment for the amount due thereon. Beyond that, it is extremely doubtful, to say the least, if any circumstances have been shown sufficient to authorize the application of the doctrine of laches to defeat a recovery.

We conclude that the judgment of the district court to the extent of the amount found to be due upon the first cause of action is justified by the law and the evidence; as to the remainder it is erroneous.

The cause will be remanded to the district court with directions that unless the defendant in error, plaintiff below, files a remittitur of the sum of $1,419.10, as of the date of the judgment, the amount which was found to be due upon the second cause of action, so as to reduce the judgment to the sum of $1,384.02, as of the date of its rendition, a new trial be granted. In case such remittitur shall be filed within a reasonable time to be fixed by the district court, the judgment so reduced to said sum of $1,384.02 shall stand affirmed.

CORN J., and KNIGHT, J., concur

ON PETITION FOR REHEARING.

POTTER, CHIEF JUSTICE.

The defendant in error applies for rehearing in this case. But one point is urged; viz., that the court wrongfully held the cause of action to have arisen in Colorado instead of Wyoming, within the meaning of Section 3464, Revised Statutes, which provides that "if by the laws of the State or country where the cause of action arose the action is barred, it is also barred in this State." Counsel erroneously assumes that our decision goes to the extent of holding that in all cases a cause of action, within the meaning of that section, arises where the debtor resides at the time when an action can first be brought; and it is argued that such a construction would take many cases out of the provisions of Section 3463, which stays the operation of the statute during the concealment, or absence from the State, of the debtor, and cause them to fall within the provisions of Section 3464, and thus unjustly prevent a recovery. But the decision was based upon the peculiar facts of this case; which are that although the notes were dated at a place within this State, and were conceded to have been executed within the State, neither of the parties then or at any time subsequently resided here; but both maker and payee were, at the time of the execution of the notes, residents of Colorado, and both of them continued to reside there until the maturity of the notes and for a long time afterward, and neither of them at any time became a resident of Wyoming. Under those circumstances, and upon those facts, we held that the cause of action arose in Colorado; and it was not intended that our decision should go further than that. Whatever may be the proper construction of our statutes upon facts differing from those in the case at bar, need not be considered nor decided at this time.

We are satisfied with the conclusions already announced as founded upon the facts of the case, and believe them to be sound upon principle and sustained by authority.

As now explained, it is hardly possible that the decision will be misapprehended.

*Rehearing denied.*

CORN J., and KNIGHT, J., concur.