## JOSEPH H. STRONG, Admr.

*v.*

## F. K. LEWIS *et al.* Exrs.

*Opinion filed October 26, 1903.*

1. LIMITATIONS—*section 20 of Limitation act construed.* The words "when a cause of action has arisen" in a foreign State, used in section 20 of the Limitation act, mean, when the plaintiff has the right to sue the defendant in the courts of such foreign State, regardless of the place where the cause of action had its origin.

2. SAME—*effect of section 20 of the Limitation act.* An action on a promissory note cannot be maintained in Illinois, under section 20 of the Limitation act, where both the plaintiff and the defendant were non-residents of Illinois when the cause of action accrued and the defendant resided in a foreign State until the cause of action was barred by the laws of such State.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

THOMAS A. MORAN, and CHILTON P. WILSON, for appellant.

GOODRICH, VINCENT & BRADLEY, for appellees.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an action of assumpsit commenced by appellant, against J. F. Lewis, in the superior court of Cook county. The declaration consisted of the common counts, and the action was for recovery on two promissory notes, due, respectively, September 10, 1881, and October 29, 1881. The declaration was filed May, 1899. To the declaration defendant filed eleven special pleas. Plaintiff filed a general demurrer to the tenth and eleventh special pleas. The demurrer to these pleas being overruled, plaintiff stood by his demurrer. To defendant's eighth special plea a replication was filed, and a rejoinder hav-

ing been filed to this replication plaintiff demurred thereto, which demurrer was overruled and plaintiff stood by his demurrer. Upon appeal to the Appellate Court the judgment of the superior court was affirmed. Subsequent to the commencement of the suit J. F. Lewis died and his executors were substituted as appellees.

From the declaration it appears that the notes in question were executed in West Virginia and made payable at Staunton, Virginia. The eighth plea alleges that the cause of action did not accrue within ten years next before the commencement of the suit. Appellees replied that at the time of the accrual of the action the defendant was not a resident of Illinois; that defendant first became a resident of Illinois after the accrual of the action, in 1890, and that plaintiff commenced the action hereon within ten years next after defendant first became an inhabitant of Illinois. The rejoinder to this replication was, that at the time of the accrual of the action herein neither the defendant nor the party in whose favor the action accrued was a resident of Illinois.

Appellees' tenth and eleventh pleas are practically alike, and allege substantially as follows: First, that the cause of action accrued in the State of Virginia in 1881; second, that neither the defendant nor the person in whose favor the action accrued was then a resident of Illinois; third, that subsequent to the accrual of said action the defendant became a resident of the State of New York; fourth, that by the laws of New York then and ever since in force, all such actions are barred, and were barred, in six years, and that no action was ever brought in New York; and fifth, that defendant resided in New York for six years after the said action accrued.

The only questions presented in this record are those raised by the demurrers. The question raised by the tenth and eleventh pleas is the effect section 20 of the Limitation act has upon causes of action arising outside of this State where both parties are non-residents. Sec-

tion 20 (Hurd's Stat. 1899, p. 1119,) provides as follows: "When a cause of action has arisen in a State or Territory outside of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State."

It is contended by appellant that this cause of action arose in the State of Virginia, and not in the State of New York, and therefore that the tenth and eleventh pleas, which set up the limitation laws of New York, are insufficient. We are of the opinion, however, that when appellant permitted appellees' testator to go into the State of New York and permitted the bar of the statutes of that State to become complete, he lost all right, under the laws of Illinois, thereafter to maintain suit against him, and that when he came into the State of Illinois he came clothed with all the privileges that the law of the State of New York conferred upon him. This question we have decided in the case of *Hyman* v. *McVeigh*, noted in 87 Ill. 708, but not reported, where we said: "The words, 'when a cause of action has arisen,' as they occur in the statute pleaded, should be construed as meaning, when jurisdiction exists in the courts of a State to adjudicate between the parties upon the particular cause of action, if properly invoked, or, in other words, when the plaintiff has the right to sue the defendant in the courts of the State upon the particular cause of action, without regard to the place where the cause of action had its origin." This case has also been followed in *Wooley* v. *Yarnell*, 142 Ill. 442.

We are of the opinion that the tenth and eleventh pleas were sufficient and the demurrer was properly overruled. From what we have said regarding these two pleas it is unnecessary to consider the demurrer to the rejoinder to the eighth plea.

The judgment will be affirmed.

*Judgment affirmed.*