[No. 5124.]
[No. 2712 C. A.]

PURDY v. DEPREZ.

**Limitation of Actions—Money Loaned—Part Payment.**

The statute of limitations is not a bar to an action for money loaned when brought within six years from the date of the last payment of interest.—P. 71.

*Error to the District Court of Arapahoe County. Hon. Louis W. Cunningham, Judge.*

Action by Eveline E. Deprez against Louise J. Purdy. From a judgment for plaintiff, defendant brings error.        *Affirmed.*

Mr. H. B. O'REILLY, for plaintiff in error.

Mr. H. E. LUTHE and Mr. CHARLES R. BELL, for defendant in error.

CHIEF JUSTICE STEELE delivered the opinion of the court:

On August 5, 1901, the defendant in error filed her complaint in the district court of Arapahoe county, stating that Louise J. Purdy, on July 4, 1891, "Borrowed of plaintiff and plaintiff loaned and advanced to defendant, at her special instance and request, four hundred and fifty dollars   *  *   *  That no part thereof has been paid, except that within six years prior to the commencement of this action, sometime in the month of November, 1895, defendant paid to plaintiff eleven dollars and fifty cents on account of said indebtedness; and in the month of July, 1892, said defendant paid to plaintiff, on account of said indebtedness, eleven dollars and fifty cents; and there is now due from defendant to plaintiff four hundred and twenty-seven dollars, besides statutory interest"; and praying for judgment against defendant for four hundred and twenty-seven dollars with interest and costs.

The answer denies the allegations of the complaint, and states that the alleged cause of action did not accrue within six years immediately preceding the commencement of the action.

The jury returned a verdict in favor of the plaintiff and assessed her damages at the sum of six hundred and seven dollars. The case was taken to the court of appeals by writ of error.

The plaintiff in error relies upon four assignments of error to reverse the judgment:

"1. The court erred in holding that there was sufficient evidence before the jury, when plaintiff rested, to justify its submission to the jury and a

verdict for plaintiff, unless overcome by evidence to be introduced by defendant.

"2. The court erred in permitting the jury to pass on the sufficiency of the evidence to sustain the claim that defendant borrowed from plaintiff in July, 1891, four hundred and fifty dollars, or any other sum.

"3. The court erred in submitting to the jury the sufficiency of the evidence to justify a verdict upon the claim of plaintiff, that the defendant had within six years from the date of the maturing of a loan from plaintiff to defendant made payment to plaintiff upon said obligation.

"4. The court erred in refusing to instruct the jury, as requested by defendant, that the weight of the evidence in this case is to the effect that the alleged loan in this case was made by Hubert A. Deprez, and not by plaintiff, and that plaintiff had no title to the thing in action in this case, and that your verdict should be for the defendant."

In effect, these assignments relate only to the sufficiency of the evidence. All the other assignments of error are waived.

We are of opinion that there was sufficient evidence to submit the cause to the jury. The plaintiff testified positively that she loaned to the defendant four hundred and fifty dollars on the fourth of July, 1891. One of the plaintiff's witnesses testified that on the day the defendant returned to Denver from Santa Fe she paid him, on account of interest on said loan, some time between September, 1895, and February, 1896, the sum of eleven dollars and twenty-five cents. It was shown that the day on which the defendant returned from Santa Fe was the 9th of November, 1895. While there was testimony to support the claim of the defendant that the money loaned was not the property of the plaintiff, but of

her husband, there was also testimony to support the claim of the plaintiff that it was her money. If the jury believed the plaintiff's witnesses, they were justified in returning a verdict for the plaintiff and in finding that the note was not barred by the statute of limitations, the suit having been brought within six years from the date of the last payment of interest.

The judgment will be affirmed.    *Affirmed.*

Mr. JUSTICE CASWELL and Mr. JUSTICE MAXWELL concur.