**Robert W. BAKER, Appellant (Defendant),**

v.

**FIRST NATIONAL BANK OF DENVER, a National Banking Corporation, Appellee (Plaintiff).**

**No. 5105.**

Supreme Court of Wyoming.

Nov. 29, 1979.

V. Frank Mendicino, Cheyenne, for appellant.

Barry G. Williams and Richard E. Day, of Williams, Porter, Day & Neville, P. C., Casper, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

This is an action to foreclose a mortgage on a piece of real property in Natrona County. The original note, payable to appellee-plaintiff in Colorado, was executed on November 24, 1965, by a corporation in which appellant-defendant was a major stockholder. On the same date, appellant and his now deceased wife, both residents of Colorado, executed a document personally guaranteeing payment of the note. On September 29, 1967, after the note was in default, appellant executed a mortgage on the Natrona County real property to secure payment of the note. On February 5, 1968, appellant's now deceased wife executed a similar mortgage on the same real property. All of the documents were executed in Colorado. Appellee is a Colorado entity. Additional payments were not made on the note and this action was filed on August 23, 1976. In his answer, appellant pleaded the statute of limitations as an affirmative defense. Several other persons and entities were parties to the action from time to time as it progressed through the trial court. For the purposes of this appeal, it is sufficient to note that a judgment of foreclosure was entered in conjunction with a stipulation of all the parties then in the litigation. The judgment recited a "default in the terms and provisions of the promissory note, guaranties and mortgages"; that the amount in default was $86,500.00; and that such was to be satisfied pursuant to the stipulation. A partial summary judgment had been entered prior to the stipulation and judgment of foreclosure, premised on the rulings: (1) that the Wyoming statute of limitations, rather than that of Colorado, was applicable (therefore, the action was not barred); and (2) that the piece of real property was held in tenancy in common under a conveyance to "Robert W. Baker [appellant], Ruth Jane Baker [appellant's now deceased wife], G. W. Hales, Jr., and Mary W. Hales" (therefore, the separate mortgages were valid). The judgment of foreclosure resolved all pending issues in

the trial court but recited the specification of the stipulation to the effect that the appellant could appeal on the grounds of error in: (1) the ruling relative to the statutes of limitations; and (2) the ruling relative to the status of the estate as that of tenancy in common. Appellant here alleges error in these two respects. We find error in the ruling relative to the statutes of limitations and therefore reverse. Accordingly, we need not address the propriety of the ruling relative to the tenancy in common.

Appellee contends (and the trial court found) that the determinative statute of limitations in this case is § 1-3-105, W.S. 1977, which provides in part:

"(a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:

"(i) Within ten (10) years, an action upon a specialty or any contract, agreement or promise in writing."[1]

Ten years did not elapse between the execution of the mortgages with subsequent continuing default and the institution of this action.

Appellant contends that the determinative statutes of limitations are § 1-3-117. W.S.1977 (the "borrowing" statute), which provides:

"If by the laws of the state or country where the cause of action arose the action is barred, it is also barred in this state,"

and § 13-80-110, C.R.S.1973, a Colorado statute, which provides:

" * * * the following actions shall be commenced within six years after the cause of action accrues, and not afterwards:

"(a) All actions of debt founded upon any contract or liability in action."

Six years did elapse between the execution of the mortgages with subsequent continuing default and the institution of this action.

1. This section is applicable to foreclosure actions rather than § 1-3-103, W.S.1977, which sets the same period of ten years on actions

"for the recovery of the title or possession of lands, tenements or hereditaments." *Balch v. Arnold,* 9 Wyo. 17, 59 P. 434 (1899).

■ The mortgage also contained a promise or obligation to pay the indebtedness. The indebtedness was to be paid in Colorado at a specified time. It was not then and there paid. The cause of action accrued at that time and at that place. It was "the time and place where that is not done which ought to be done." *Cantonwine v. Fehling,* Wyo., 582 P.2d 592 (1978); *Bliler v. Boswell,* 9 Wyo. 57, 59 P. 798 (1900), reh. den. 9 Wyo. 57, 61 P. 867 (1900).

■ Appellee argues, with citations to legal authority, that the law of the forum governs with respect to limitation of actions upon a contract with respect to real property, and particularly with respect to foreclosure actions. It also notes that these mortgages contain a provision that the mortgagee may enforce the same "according to Wyoming Statutes governing mortgage foreclosures." We have no problem with this argument and law. We do find appellee's conclusion therefrom fallacious. This conclusion is that the ten-year Wyoming statute of limitations (§ 1–3–105) controls the disposition of this matter. This conclusion overlooks the fact that § 1–3–117 (the borrowing statute) is as much a part of Wyoming law as is the ten-year statute of limitations. *Duke v. Housen,* Wyo., 589 P.2d 334 (1979), reh. den. 590 P.2d 1340 (1979). In applying the law of the forum pursuant to appellee's argument, we must apply the borrowing statute as one of the laws of the forum.

In applying § 1–3–117, we find that it bars an action in Wyoming if it is barred "by the laws of the state or country where the cause of action arose." As already indicated, the cause of action arose in Colorado. Is it barred by the laws of Colorado?

■ Section 13–80–110, C.R.S.1973 (set forth supra) sets six years as the bar to an action "of debt founded upon any contract

or liability in action." The statute applies to actions on notes. *First National Bank of La Junta v. Mock,* 70 Colo. 517, 203 P. 272 (1921); *Purdy v. Deprez,* 39 Colo. 68, 88 P. 972 (1907).

Section 38–40–105, C.R.S.1973, provides: " * * * No action shall be brought or maintained to foreclose any mortgage, trust deed, or other lien, unless such action is brought within fifteen years after the maturity of the last installment or payment of the principal indebtedness in the said mortgage, trust deed, or other lien mentioned as the same appears of record * * *."

However, § 38–40–112, C.R.S.1973, provides:

" * * * The lien created by any instrument shall be extinguished, regardless of any other provision in this article to the contrary, at the same time that the right to commence a suit to enforce payment *of the indebtedness secured by the lien* is barred by any statute of limitation of this state." (Emphasis supplied).

Pursuant to these enactments, this action would clearly be barred in the state of Colorado. The Wyoming borrowing statute therefore precludes the action in the state of Wyoming.[2]

Reversed.[3]

McCLINTOCK, J., dissenting, with whom THOMAS, J., joins.

I too dissent from the opinion of the court but will express my views in a somewhat different manner from my Brother Thomas. As I view the case, our borrowing statute, § 1–3–117, W.S.1977, provides that if a cause of action is barred in the state where it arose it is likewise barred in this state. Inherent in this statute is the philosophy that if one has unduly neglected to

2. We need not address the general question of whether or not a mortgage foreclosure action is barred when the action on the underlying debt is barred inasmuch as this case can be determined under the explicit language of the Wyoming "borrowing" statute which bars an action if barred "by the laws" of another state—Colorado, in this instance—, and under the explicit

language of Colorado law which bars an action on a lien when the "indebtedness secured by the lien is barred."

3. Remand is unnecessary since the stipulation resolves the positions of the parties subsequent to appeal.

assert his rights in the state where the cause of action arose, he should not be permitted to do so in Wyoming. But this necessarily presupposes that there existed a right which the party could have so enforced. If the right asserted in our court is one which could not have been enforced, there is then nothing upon which the foreign limitation could operate. It therefore cannot be used to defeat an action in Wyoming that only its courts could entertain.

I believe it unquestioned law that the validity, effect and enforcement of mortgages on real property in Wyoming are a matter of Wyoming law. Insofar as the plaintiff in this case sought to foreclose its mortgage on Wyoming property there was no cause of action that it could have asserted in Colorado. I shall not attempt an exhaustive analysis of the authorities, but the principle is fully explained in *Beach v. Youngblood,* 215 Iowa 979, 247 N.W. 545 (1933). A note payable in Iowa and mortgage had been executed in that state but the mortgaged property was located in Minnesota. Upon default in payment of the note, the holder thereof brought action in Iowa, seeking to foreclose the mortgage upon the Minnesota land. The trial court entered judgment for the amount of the note, declared the mortgage a lien superior to the claims of all other parties, and directed the county sheriff in Iowa to advertise and sell the Minnesota property in the same manner as sales are made of Iowa property. The owner of the property was ordered at the end of the period of redemption to deliver possession of the premises to the purchaser at the sheriff's sale. On appeal it was argued that the Iowa court had no jurisdiction of the foreclosure phase of the action, wherefore the order of foreclosure was a nullity.

The Iowa Supreme Court discusses the applicable principles at some length, referring to numerous cases, all of which deny the power of the courts of one state to decree a foreclosure on property within another state, and in the course thereof makes these pertinent statements:

"It is a well and universally established principle that the disposition of real estate, either by deed, descent, or any other method, must be governed by the law of the state where the same is situated." 247 N.W. at 549.

The court then points out that under Iowa law an action to foreclose a mortgage on real property shall be brought in the county where the property or some part thereof is situated. (Justice Thomas has pointed to a similar Wyoming statute.) " . . . [I]t follows that a decree of court in this state cannot [a]ffect the title to real estate in another state, or in Minnesota. Id. at 549–550.

"We hold that, under the circumstances in this case, the plaintiff could not foreclose in the courts of this state against lands in the state of Minnesota, and that, in entering its decree directing foreclosure, the court transcended its powers, and all that was done in that regard was void; and the order of the district court directing the sheriff of Cerro Gordo county to sell the Minnesota lands was utterly void." Id. at 550.

I have found no case or authority that in any way denigrates this holding and on the basis of the principle enunciated I submit that no cause of action for the foreclosure of the mortgage existed in Colorado. The question of limitations must therefore be decided on the basis of the applicable Wyoming statute, which admittedly is ten years, and the action was therefore timely filed.

The judgment of the district court must be affirmed unless we can say as a matter of law that the barring of action upon the promise to pay (which I concede should be governed by the law of Colorado) had the effect of discharging the obligation in such a way that the condition of the mortgage permitting foreclosure did not exist. The majority rule is that the barring of the note itself does not operate as such a discharge. In *McCarty v. Goodsman,* 39 N.D. 389, 167 N.W. 503, 506 (1918) the rule is stated that "A mortgage may be foreclosed, for instance, after the statute of limitations has barred an action on the notes for

which the mortgage is security. See *Satterlund v. Beal,* 12 N.D. 122, 95 N.W. 518, and this rule has the support of the decided weight of authority. See Jones on Mortgages, § 1204; also numerous cases cited in the note in 95 Am.St.Rep. 664."

and in *Lundberg v. Northwestern National Bank of Minneapolis,* 299 Minn. 46, 216 N.W.2d 121, 123 (1974) we find this more recent statement:

"[T]he mortgage is an independent contract, though collateral to the instrument which it secures, and, as such, may be foreclosed even though the action on the notes is barred."

This court in *National Tailoring Co. v. Scott,* 65 Wyo. 64, 196 P.2d 387 (1948) discussed at length the relation of a statute of limitations barring recovery on the note or contract to the right to foreclose by advertisement as permitted in the mortgage. The opinion cites the rule set forth in 53 C.J.S. Limitations of Actions § 9, p. 928 as the majority rule, that is, that the fact that the debt is barred by limitations does not operate to defeat the remedy on the mortgage. While this case involved foreclosure by advertisement and not by action, I cannot read the case in any way except as holding that barring the debt represented by the note does not operate as a discharge of the obligations. In other words, under Wyoming law the mortgage is not merely an incident to the debt, wiped out when the promise itself is unenforceable.

I would affirm.

THOMAS, Justice, dissenting.

I must dissent from the decision of the court in this case. I believe that this court ill-advisedly has forfeited one of the valuable attributes of State sovereignty. The right to legislate with respect to the disposition of land lying within its borders is a significant right of sovereignty. In this instance the court without any authority to support its position has surrendered that right to our sister state of Colorado.

In reaching its conclusion in this case the majority has assumed that a cause of action to foreclose this mortgage arose in the State of Colorado. Otherwise there is no justification for invoking § 1-3-117, W.S. 1977. I disagree that any cause of action to foreclose this mortgage arose in the State of Colorado, and I cannot accept as authority for that proposition *Cantonwine v. Fehling,* Wyo., 582 P.2d 592 (1978); and *Bliler v. Boswell,* 9 Wyo. 57, 59 P. 798, rehearing denied 61 P. 867 (1899), neither of which involves a mortgage foreclosure. I think those cases must be limited to the promissory note situation, and as so limited I do not disagree with them. They are distinguishable from this case, however, by virtue of that limitation.

I am led to the conclusion that an examination of statutory language such as that found in § 1-3-117, W.S.1977, particularly the phrase "where the cause of action arose," demands a recognition that a "cause of action" in such a context includes an available remedy. Jurisdiction must exist in the courts of a state to adjudicate between parties upon the claim which is asserted (here judicial foreclosure of a mortgage) in order for a cause of action to arise. *Strong v. Lewis,* 204 Ill. 35, 68 N.E. 556 (1903); *Green v. Kensinger,* 199 Kan. 220, 429 P.2d 95 (1967); *Washington Sec. Co. v. State,* 9 Wash.2d 197, 114 P.2d 965, 135 A.L.R. 1330 (1941). No cause of action to foreclose this mortgage was available in the State of Colorado. *Montana Valley Land Co. v. Bestul,* 126 Mont. 426, 253 P.2d 325 (1953). That proposition sufficiently is established for me by § 1-5-101, W.S.1977, which provides for venue only in the county in which the real estate is located. Sub silentio the majority opinion would abrogate that statute. 3 Powell on Real Property, ¶ 463, p. 696.51 (1979).

I find that the treatises support the rule that the statute of limitations of the state in which real property is located will control with respect to an action to foreclose a mortgage on such property. Restatement (Second) of Conflict of Laws, § 229 (1971); Leflar, Conflict of Laws, § 145, p. 279 (1959). While different statutory language is involved, this clearly would be the law in our neighboring state of Montana. *Hoge-*

*voll v. Hogevoll,* 117 Mont. 528, 162 P.2d 218 (1945). The wisdom of the Montana legislature in espousing specifically the rule which I urge that we adopt by construction of our statute is apparent. Only Montana law will influence title to real property in Montana.

We have established the rule in Wyoming that in a transaction such as the one before the court in this case we will recognize alternative remedies. Even though an action on the note in this instance is foreclosed, the alternative remedy of judicial foreclosure of the mortgage is not. Cf. *National Tailoring Co. v. Scott,* 65 Wyo. 64, 196 P.2d 387 (1948). The rationale of this case furnishes additional support for the concept that the "cause of action" alluded to in our borrowing statute assumes a remedy.

I would affirm the judgment of the trial court in this case under the foregoing rationale. I do not find it necessary to rely upon the right of the parties to contract as to the applicable law, although they did in this case adopt the mortgage foreclosure statutes of the State of Wyoming in their mortgage. I would then extend the concept which we began to develop in the case of *Choman v. Epperley,* Wyo., 592 P.2d 714 (1979), to cover the execution of the mortgage in this instance. My conclusion would be that the mortgagors held the title as tenants in common.