FIRST NATIONAL BANK OF CASSELTON *v.* WILLIAM F. HOLMES.

Opinion filed April 28, 1903.

**Attachment—Service on Nonresident.**

1. An attachment on real estate belonging to a nonresident was levied in this state in 1895. An order directing that the summons be published was procured, but the summons was never published. After publication was ordered, the summons and complaint in the action were left at defendant's dwelling house in Minnesota, ·in the presence· of a member of his family over 14 years of age.

*Held,* construing section 4900, Comp. Laws 1887, making personal service on the defendant out of the state equivalent to publication and mailing in cases where publication has been ordered, that service by leaving at his dwelling house, outside the state,' was not personal service, within the meaning of said section; and the failure to make such personal service, or to publish the summons, and mail copies of the summons and complaint to the defendant at his known address, defeated the attachment.

**Leaving at Dwelling Applies Only to Service in the State.**

2. *Held,* further, that the provisions of section 4898, Comp. Laws 1887, providing that service by leaving at defendant's dwelling house, in the presence of a member of his family over 14 years of age, "shall be taken and held to be personal service," applies only to such service within the state.

Appeal from District Court, Stutsman County; *W. H. Winchester, J.*

Action by First National Bank of Casselton against William F. Holmes. From an order dissolving an attachment, plaintiff appeals. Affirmed.

*S. B. Bartlett* and *Benton, Lovell & Holt,* for appellant.

Under section 4993 Rev. Codes, providing that personal service of summons must be made, or publication commenced, within thirty days, means thirty days from the issue of the writ. *Rhode Island Hospital Trust Company* v. *Keely,* 1 N. D. 412, 48 N. W. Rep. 341; *Taddiken* v. *Cantrell,* 1 Hun. 710; *Simpson* v. *Birch,* 4 Hun. 315; *Waffle* v. *Goble,* 35 How. Pr. 370. Although the return omits the name of the member of the family with whom process was left, the service is, nevertheless, good. *Vaule* v. *Miller,* 64 Minn. 485, 67 N.

W. Rep. 540 ; *Robinson* v. *Miller,* 57 Miss. 237 ; *Tremper* v. *Wright,* 2 Cai. (N. Y.) 101 ; *Shea, assignee,* v. *Plains Township,* 7 Kulp. (Pa.) 554 ; *Goldman* v. *Teitlebaum,* 10 Pa. Dist. R. 53. Bond in attachment proceedings need not bear the endorsement of the clerk's approval ; such approval is evidenced by his filing it, and issuing the warrant. *Hyde* v. *Adams,* 80 Ala. 111 ; *Mandel* v. *Peet,* 18 Ark. 236 ; *State* v *Hesselmeyer,* 34 Mo. 76 ; *Bascom* v. *Smith,* 31 N. Y. 595 ; *Griffith* v. *Robinson,* 19 Tex. 219 ; *Anderson* v. *Kanawha,* 12 W. Va. 526.

*Marion Conklin* and *Newman, Spalding & Stambaugh,* for respondent.

The affidavit for publication is insufficient. The statute requires that evidential facts must be made to appear to the satisfaction of the court by affidavit. The affidavit in question contains no facts bearing upon the question, "whether the defendant after due diligence could be found in the state." The sheriff's return states only opinions and conclusions and no facts. Under all the cases, such showing is not sufficient to inform the court as to the diligence used, to enable it to order publication. *Warren* v. *Tiffany,* 9 Abb. Pr. 66 ; *Waffle* v. *Goble,* 35 How. Pr. 356 ; *Bixby* v. *Smith,* 49 How. Pr. 50 ; *Wortman* v. *Wortman,* 17 Abb. Pr. 66 ; *Forbes* v. *Hyde,* 31 Cal. 351 ; *Beach* v. *Beach,* 6 Dak. 371, 43 N. W. Rep. 701 ; *Boethell* v. *Hoellwarth,* 74 N. W. Rep. 231 ; *Rickettson* v. *Richardson,* 26 Cal. 149 ; *Yolo County* v. *Knight,* 70 Cal. 431, 11 Pac. Rep. 662 ; *Carleton* v. *Carleton,* 85 N. Y. 313 ; *Iowa State Sav. Bank* v. *Jacobson,* 8 S. D. 292, 66 N. W. Rep. 453 ; *York* v. *York,* 3 N. D. 373, 55 N. W. Rep. 1095. Affidavit is insufficient in that it does not show that the defendant had property in this state subject to attachment, levy and sale upon execution. *Winner* v. *Fitzgerald,* 19 Wis. 394-415 ; *Towsley* v. *McDonald,* 32 Barbour, 604. The alleged service on the defendant in Minnesota is insufficient. Personal service of a copy of the summons and complaint out of the state must mean service on the defendant in person. *Armstrong* v. *Brant,* 21 S. E. Rep. 634. The alleged service was made on the thirty-first day after the summons was issued. *Smith* v. *Nicholson,* 5 N. D. 426, 67 N. W. Rep. 296.

MORGAN, J. The appeal in this case is from an order of the district court granting a motion to dissolve an attachment. The defendant was a nonresident at the time of the issuing and levy of the writ

of attachment. An order of publication of the summons was made, but the summons was never published, nor a copy mailed to the defendant at his home address, in the state of Minnesota. In lieu of such publication and mailing of the summons, copies thereof and of the complaint were left at the defendant's residence, in Minnesota, in the presence of a member of his family over 14 years of age. It is claimed by the plaintiff that such service was a personal service of the summons and complaint outside of the state, and, in consequence thereof, that the attachment did not fail for want of such service. In his moving papers, the defendant, appearing specially, challenges the sufficiency of such service, and claims that the attachment should be dissolved. The action was brought and the attachment proceedings had in the year 1895, and the question whether such proceedings were regular must be determined by the provisions of the Compiled Laws of 1887 then in force. Section 4993, Comp. Laws 1887, provides that, when property has been attached in an action, personal service of the summons shall be made, or publication thereof commenced, within thirty days. Section 4898, Comp. Laws 1887, provides the manner in which a summons may be served, and subdivision 6 of said section is as follows: "(6) In all other cases to the defendant personally; and if the defendant cannot conveniently be found, by leaving a copy thereof at his dwelling house in the presence of one or more of the members of his family over the age of fourteen years. * * * Service made in any of the modes provided in this section shall be taken and held to be personal service." Section 4900, *supra,* provides what must be done to procure an order for the publication of the summons, and specifies the cases in which such an order may be made. This section further provides that, "when publication is ordered, personal service of a copy of the summons and complaint out of the territory is equivalent to publication and deposit in the post office."

The question is therefore presented whether the service made in this case outside of the state, after an order of publication had been made, and pursuant to it, was personal service, such as the statute prescribes shall be the equivalent of the publication of the summons, and deposit in the post office of the summons and complaint. The provisions of the Compiled Laws relating to service of the summons include distinct provisions referring to service upon persons residing in the state and upon persons residing outside of the state. Section 4898 refers exclusively to service on persons residing within the

state. Section 4900 refers more particularly to persons not residing within the state. Section 4898 alone contains the provision above quoted in reference to service of the summons on residents by leaving a copy at the dwelling house in the presence of members of the family. This provision authorizing substituted or domiciliary service must be held to authorize this mode of service in case of residents only. Such substituted service is not strictly personal service. The statute provides that such service "shall be taken and held to be personal service," but the statute gives such substituted service the force and effect of personal service in cases of such service within the state only. The term "personal service" has a fixed and definite meaning in law. It is service by delivery of the writ to the defendant personally. Other modes of service may be given the force of such service by legislative enactment. But the use of the words "personal service," unqualified, in a statute, means actual service by delivering to the person and not to a proxy. *Hobby* v. *Bunch* (Ga.) 10 S. E. 113, 20 Am. St. Rep. 301. The use of the words "personal service" in section 4900 is without any qualification. The section does not authorize any substitute for personal service which shall be the equivalent of publication and mailing. Nor does section 4898 refer to personal service outside the state. These two sections (4898 and 4900) refer to different subjects, and each must govern as to the subjects included in its provisions. The provisions of section 4900 have no application to the subjects concerning which section 4898 treats, and section 4898 has no application to the subjects concerning which section 4900 treats. Statutes regulating the manner in which both substituted and constructive service is to be made and jurisdiction acquired are to be strictly followed, or jurisdiction will not be acquired. The case of *Armstrong et al* v. *Brant,* (S. C.) 21 S. E. 634, is in point on this question, and is based on statutes identical in all respects with the Compiled Laws, so far as the point involved is concerned. In that case it is held that under the Code in that state, making personal service of a summons out of the state equivalent to publication of the summons and mailing a copy thereof to a nonresident defendant, is not sufficiently complied with by levying an attachment on land within the state belonging to a nonresident defendant, and leaving a copy of the summons at his place of residence, out of the state, in his absence, without publishing the summons, and that the Code of Civil Procedure, providing that the summons may be served by delivering a copy thereof to any person

of discretion, residing at the residence of defendant, applies only to service on a person within the state. See also . Mayer v. Cook, 12 Wis. 335. The appellant relies upon the case of *Rhode Island Hospital Trust* v. *Keeney*, 1 N. D. 411. 48 N. W. 341, as decisive of this question. In that case the question involved was whether there was a personal service of the summons upon the defendant out of the state. The summons had been mailed to her out of the state, and the sealed envelope containing the summons was handed to her by her husband. This was held not to be personal service. What was said in that case, on which appellant relies in this case, was applicable to the facts of that case, but we fail to see wherein it can be taken as authority for holding that domiciliary or substituted service is permissible out of the state after publication has been ordered. The question involved in that case is not at all involved in this case.

As there was no personal service out of the state, nor any publication and mailing of the summons after publication was ordered, nor a general appearance, the attachment failed, because not followed by one of these jurisdictional requisites.

The order appealed from is affirmed. All concur.