(January 22, 1912.)

# MARIA E. BROOKS, Respondent, v. ORCHARD LAND CO., LTD., a Corporation, Appellant.

### [121 Pac. 101.]

DEFAULT—SETTING ASIDE—SERVICE OF SUMMONS—PERSONAL SERVICE—SUBSTITUTED SERVICE—SERVICE ON COUNTY AUDITOR—CONSTRUCTION OF STATUTE.

#### (Syllabus by the court.)

1. Under that part of sec. 4229, Rev. Codes, which provides that "When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action," *held,* that where the service of summons is made upon the county auditor and not upon an officer of the company, or its designated agent, that such summons has not been "personally served" on the defendant, within the meaning of the term "personally served" as used in said sec. 4229.

2. *Held,* that the service of summons upon the county auditor is substituted service, and a substitute for personal service, and gives the court jurisdiction the same as personal service to try the action and enter judgment.

3. "Personally served," as used in sec. 4229, Rev. Codes, means service upon the defendant personally, and service by leaving a notice at the last and usual place of abode of the defendant is not personal service but a substitute for it.

4. Under the provisions of said sec. 4229, Rev. Codes, where the defendant has not been personally served and an application to set aside a default is made within a year, it is within the legal discretion of the court to grant such application and to open the default and permit the defendant to file an answer on the merits; and the court has jurisdiction to determine whether such application is sufficient or not.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. John F. MacLane, Judge.

Motion to set aside a default judgment and to permit defendant to answer. Motion denied. *Reversed.*

Edgar Wilson, and Fremont Wood, for Appellant.

Whenever the statute provides for "personal service" of process, or that process shall be personally served, there is a general agreement of the courts that such service must be actual and personal upon the party served. (*Moyer v. Cook,* 12 Wis. 335; *Bank v. Holmes,* 12 N. D. 38, 94 N. W. 764.)

Other modes of service may be given the force of such service by legislative enactment, but the use of the words "personal service" unqualified in a statute means actual service by delivering to a person and not to a proxy. (*Hobby v. Bunch,* 83 Ga. 1, 20 Am. St. 301, 10 S. E. 113; *Conway v. Campbell,* 38 Mo. App. 473.)

Where judgment is entered by default upon substituted service of summons a defendant is entitled, as a matter of right, to have the judgment opened and be allowed to defend upon application, if made within one year, unless by his laches he has lost such right. (*Long v. Long,* 112 Minn. 400, 128 N. W. 464.)

Discretion of the court in granting or denying motions to set aside default or default judgment is best exercised when it tends to bring about judgment upon the merits. (*Pearson v. Fishing Co.,* 99 Cal. 425, 34 Pac. 76; *Andrus v. Smith,* 133 Cal. 81, 65 Pac. 320; *Melde v. Reynolds,* 129 Cal. 308, 61 Pac. 932; *Harbaugh v. Water Co.,* 109 Cal. 70, 41 Pac. 792.)

Hawley, Puckett & Hawley, for Respondent.

It is the province of the legislature to name the mode of service upon corporations, and to designate the person upon whom service may be made. (Thompson on Corporations, 1st ed., 7504.)

This is personal service within the meaning of our statutes. (*In re Risteen,* 122 Fed. 732; *Westfall v. Farwell,* 13 Wis. 504; *Bank v. Holmes,* 12 N. D. 38, 94 N. W. 764.)

If the kind of service made in this case is called by an-- other name than simply "personal service," and is properly designated as "substituted service," it would make no differ- ence, as it is by the statute treated as personal service.

Service by copy at the residence of a party is "personal service." (*Dunkle v. Elston,* 71 Ind. 585; *Nelson v. Omaley,* 6 Me. 218.)

That a personal judgment can be obtained on substituted service it is only necessary that the provisions of the statute be strictly complied with. (*Hewitt v. Weatherby,* 57 Mo. 276; *Merrill v. Montgomery,* 25 Mich. 73; *Colton v. Rupert,* 60 Mich. 318, 27 N. W. 520; *Campau v. Charbeneau,* 105 Mich. 422, 63 N. W. 435; *Wanamaker v. Poorbaugh,* 91 Ill. App. 560.)

SULLIVAN,· J.—This is an appeal from an order denying a motion to vacate and set aside a judgment entered on de- fault.   The plaintiff commenced this action on the 24th of September, 1909, to quiet title to a certain tract of land ag- gregating 4,630 acres, situated in Ada county.   It is alleged that the lands were duly assessed to the defendant, the Or- chard Land Company, Ltd., for the year 1903, for state, county and school district purposes, and that the taxes amounted to $193.80; that said taxes were not paid and said land was thereafter sold by the tax collector to Ada county and a tax certificate was issued therefor; that thereafter the county sold the same to the plaintiff and a tax deed was is- sued to respondent, and that since said date the plaintiff has been the owner and in the actual possession of said land.   It is also alleged that the defendants claim an estate and interest therein adverse to plaintiff, which is alleged to be without any right whatever.   Then follows the usual prayer for relief in actions to quiet title.

Summons was issued on September 24, 1909, and thereafter on the next day the sheriff of Ada county returned said sum- mons and certified in his return that the defendant was a cor- poration and that its principal place of business and principal office is at Orchard in Ada county, that the president, sec-

retary and treasurer and managing agent of said corporation have and each of them has removed and ceased to be a resident of the state of Idaho, and have been absent from the state for more than five years last past. It is recited that the sheriff made the service, on ascertaining the above facts, by delivering a copy of the summons, together with a copy of the complaint in the action, to William L. Cuddy, Esq., auditor of said county, etc. Thereafter on October 16, 1909, the defendant not having answered, its default was entered and upon the same day the plaintiff made her proofs and was adjudged to be the owner of the property described in her complaint and her title thereto was quieted.

On October 13, 1910, and within one year from the date of said judgment, the defendant filed and served its notice of motion and application to set aside and vacate said judgment and made application to be allowed to answer the complaint and defend the action. The application was based upon the affidavit of Edgar Wilson, Esq., and the verified answer of the defendant. After setting forth the facts in said affidavit, affiant avers that the defendant has a good defense to the cause of action stated in the complaint, and that while a copy of the summons and copy of the complaint had been served upon William L. Cuddy, Esq., auditor of Ada county, the same had not been delivered to the defendant. The verified answer sets up a good defense to said cause of action, and it is not necessary to repeat the denials of the answer and the averments and allegations of the cross-complaint which was filed with said answer.

After the hearing the court denied the° application on the ground that more than six months have elapsed since the adjournment of the term of court at which said judgment was entered and before the filing of the notice of motion to vacate said judgment and to set aside said default, and it is further stated in said order, as follows: "That the service upon the auditor of Ada county was equivalent to personal service and by reason of the premises the court has no jurisdiction to vacate and set aside the said judgment and decree." It clearly appears that the trial court considered that service

upon the auditor of Ada county was personal service upon the officers of the corporation within the meaning of the term "personally served on the defendant" as used in sec. 4229, Rev. Codes.

The first part of said sec. 4229 authorizes amendments upon such terms as may be proper and relief against mistakes in pleadings. The next part of the section provides for the relief of a party from a judgment or order taken against him through mistake, inadvertence, surprise or excusable neglect. Such application, however, must be made "within a reasonable time, not exceeding six months after the adjournment of the term." The next part of said section, and upon which the appellant relies, is as follows: "When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant, or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." The relief granted by the clause last quoted applies only to actions where there has not been personal service. The first provision of said section, under which application for relief must be made within six months after the adjournment of the term, evidently has reference to cases where the court had jurisdiction of the parties either by personal service or appearance in the action, and where the judgment was nevertheless taken against such parties "through mistake, inadvertence, surprise or excusable neglect."

Then we have in this case a judgment by default based upon service of summons and complaint upon the county auditor, and we have a statute permitting such service upon the showing that there is no officer or officers of the defendant corporation within the jurisdiction upon whom service could be made (sec. 4144, Rev. Codes); and also a statute authorizing the court to permit a defendant or his legal representative at any time "within one year after the rendition of any judgment in such action, to answer to the merits of the original action, when from any cause the summons in the action has not been personally served on the defendant."

The question directly presented is: Was a copy of the summons and complaint in this action "personally served" on the defendant by serving them upon the county auditor?

The delivery of a copy of the summons and complaint to the officer or officers of the corporation designated by the statute upon whom service could be made would undoubtedly be "personal service" upon the corporation, and when service was thus made, it would naturally follow that the defendant corporation was "personally served." The statute specifically names the officers upon whom such service may be made, and in the absence of such designated officer or officers from the state, the statute provides for service of summons "by delivering a copy of the summons and a copy of the complaint to the auditor of the county in which the principal business office of such corporation is located according to its articles of incorporation, in the same manner and with the same effect as though such service had been made upon any of the above-mentioned officers or agents of such company." Where service is made in this way, the law makes it the duty of the auditor to forward by registered mail to any such officer or agent of the company whose address may be known to him such copy, but no failure on the part of the auditor to mail such copy of the summons shall affect the validity of the service thereof, and it is insisted that this method of service was merely a substitute service and not personal. It is conceded that for the purpose of entering judgment, either method of service would have the same effect—would give the court jurisdiction—though one would be "personal" and the other a substitute service.

Sec. 4144, Rev. Codes, provides the method for service upon domestic corporations and upon foreign corporations and upon minors and upon persons of unsound mind and upon counties and towns, and in all other cases it must be made upon "the defendant personally" or by leaving a copy thereof and a copy of the complaint in the cause at the usual place of abode of the defendant with a member of the family over the age of twenty-one. For the purpose of entering judgment, the service by leaving a copy thereof with a member

of the family has the same effect as by delivering the same to the defendant personally, but it is contended that the leaving of such copies would not be "personal" service. When the statute requires personal service of process or that process shall be personally served, we think there is a general agreement among the most of the courts of last resort that such service must be actual and personal upon the parties served. The statutes of the several states provide different modes of personal service, viz., either by delivering the original personally or by reading or exhibiting the original and leaving a copy or by delivering a true copy personally, etc. (See Wade on the Law of Notice, sec. 1339.) Sec. 4144, Rev. Codes, provides that in all other cases than those previously named in said section, the process must be delivered to the defendant "personally" or by leaving a copy thereof, etc. The statute does not declare that leaving a copy at the usual place of abode of defendant is personal service. We do not think that defendant is "personally served" within the meaning of said section of the statute where the process is served by leaving a copy thereof at the usual place of abode of the defendant. While there is no doubt that such service has the same effect under the statute as "personal service," we do not think it *is* "personal" service, but that it is a service substituted for personal and has the same effect as personal service so far as all future proceedings in the action are concerned, in regard to the trial of the case and entry of judgment. By the amendment of the seventh subdivision of said sec. 4144 (Sess. Laws 1909, p. 185), said subdivision is made to read as follows: "In all other cases, to the defendant personally." That part of the section which permitted the service to be made by leaving a copy of the process at the usual abode of the defendant with a member of the family over twenty-one years of age has been left out entirely.

In sec. 1343, Wade on Notice, 2d ed., under the head-note, "Service at Place of Abode," the author says: "We now come to the consideration of a species of service which has been denominated *'personal'* to distinguish it from *service by mail;* and substituted, as contradistinguished from *service*

*strictly personal.* It has also been called both *actual* and *constructive* service. It is made by leaving the original or a copy at the usual place of abode of the party to be served, with someone other than himself.''

The author cites cases of notaries giving notice of protest of negotiable paper and also the case of *Chittenden v. Hobbs,* 9 Iowa, 417, where the court distinguishes between personal service and service by leaving a copy at the abode of the defendant. In that case the court said: ''To authorize the substituted service, or service by copy left at the residence of the defendants, it should appear affirmatively from the return that defendants were not found.''

In sec. 1345, Wade on Notice, the author, referring to service by leaving a copy at the residence of the defendant, says: ''However, it is quite certain that though this method of service may be very liberally viewed for some purposes, yet it is, in no instance, regarded with the same favor as service strictly personal.''

In *In re Risteen,* 122 Fed. 732, it is said: ''Personal service ordinarily means service upon the defendant personally and does not include service by leaving a notice at his last and usual place of abode,'' and then holds that in the bankruptcy act, where it is provided that a copy of the petition shall be served on the defendant personally or by leaving the same at his last and usual place of abode, that service by leaving a copy with the clerk of the hotel, of which the bankrupt was proprietor, and where he usually resided, was sufficient personal service within the terms of such act.

In *First National Bank v. Holmes,* 12 N. D. 38, 94 N. W. 764, referring to the statute of that state authorizing the service of summons on residents of the state by leaving a copy at the dwelling-house in the presence of members of the family, the court says:

''This provision authorizing substituted or domiciliary service must be held to authorize this mode of service in cases of residents only. Such substituted service is not strictly personal service. The statute provides that such service 'shall be taken and held to be personal service,' but the statute gives

such substituted service the force and effect of personal service in cases of such service within the state only. The term 'personal service' has a fixed and definite meaning in law. It is service by delivery of the writ to the defendant personally. Other modes of service may be given the force of such service by legislative enactment. But the use of the words 'personal service,' unqualified, in a statute, means actual service by delivering to the person and not to a proxy.''

To the same effect is *Hobby v. Bunch,* 83 Ga. 1, 20 Am. St. 301, 10 S. E. 113.

In *Conway v. Campbell,* 38 Mo. App. 473, the court held that personal service meant ''delivering direct to the person notified,'' and in *Fernandez v. Perez,* 220 U. S. 224, 31 Sup. Ct. 412, 55 L. ed. 443, the supreme court of the United States held that the words ''actually personally notified'' in the statute relating to service of process meant *personal service* of the process upon the defendant.

*Moyer v. Cook,* 12 Wis. 335, under the provisions of sec. 27, chap. 132, Rev. Stats. 1858 of Wis., authorized an entry of judgment by the clerk only on filing proof of ''personal service.'' Sec. 9 of chap. 24, provides that summons shall be served by delivering a copy ''to the defendant personally,'' or, if not found, by leaving it at his usual place of abode, etc. In passing upon the meaning of the term ''personal service,'' the court said: ''We think the personal service required by sec. 27, chap. 132, is only that where the copy is delivered to the defendant personally, as required by sec. 9, chap. 124, and not that where it is left at his place of abode.''

While some of the cases above cited may not be directly in point, they bear to some extent on the question under consideration.

Counsel for respondent cite in support of their contention the case of *Dunkle v. Elston,* 71 Ind. 585.

As appears from the foregoing cited authorities, the term ''personally served'' means serving the process upon the defendant personally, and we think when the legislature enacted said sec. 4229 and provided that ''When from any cause the summons in an action has not been personally served on the

defendant, the court may allow, on such terms as may be just, such defendant, or his legal representative at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action,'' it intended that the term ''personally served'' should apply only to summons that has been served personally, and not to service made by leaving a copy of the summons at defendant's usual place of abode. Personal service may be made upon a corporation by serving the proper officer of such corporation or its designated agent, and we do not think the service is ''personal'' where it is made upon the auditor of the county, as authorized by the provisions of sec. 4144, and when not made upon the proper officer of the corporation or its designated agent, we do not think the summons has been ''personally served'' within the meaning of that term as used in said sec. 4229. Where the legislature has provided that the process may be served upon the county auditor, that is a substitute' for personal service and equivalent to it as far as the trial of the case and entering a judgment is concerned, but does not prevent such corporation from making application for setting aside a default judgment that has been rendered against it on service of summons upon the county auditor, within one year from the date of such judgment, provided such county auditor is not its designated agent.

The provisions of said sec. 4229, under consideration, must be construed with the provisions of said sec. 4144 providing for the service of summons, and in the seventh and last subdivision of said sec. 4144, it is provided that service of summons in all other cases than those mentioned in the preceding six subdivisions must be served by delivering a copy thereof ''to the defendant personally'' or by leaving a copy thereof at his usual abode. It is not declared in said section that the leaving of a copy at the abode of the defendant is personal service or that the summons is ''personally served'' when so left. While such service is no doubt equivalent to personal service in regard to giving the court jurisdiction, it is not strictly personal service, and the legislature in said sec. 4229 was very careful to use the term ''personally served,'' and

where default judgment was taken against a defendant not "personally served," he might make application to set aside the default and answer on the merits within one year from the date of the entry of the judgment, and there appears to be good reason for giving a defendant more time in which to make application to open a default where he is not personally served than where he is. We have had a number of cases in this court where it has been made to appear that the defendant who had not been personally served had no knowledge whatever of the action or the judgment being taken against him until more than six months after the judgment had been entered.

In the case at bar the service was made on the auditor of Ada county and the auditor retained the copies, as he did not know where to send them, and we do not think it could be claimed on any ground whatever that said copies were "personally served" on the defendant corporation. When a person is personally served, he certainly knows of the service, and where he is served by leaving the summons with the county auditor, he may have no notice whatever of the pending action. If the legislature should declare that such substituted service was in effect personal service, that no doubt would make it so, so far as the jurisdiction of the court was concerned, but it would not and could not make such service strictly personal any more than it could make service by publication of summons personal simply by declaring such service to be personal service.

It is next contended by counsel for appellant that the trial court denied said motion upon jurisdictional grounds alone, and that if the defendant was not personally served, it is entitled, as a matter of right, to have the decree set aside and default opened under the clause of said sec. 4229, above quoted. It is contended that under the first clause of said section the court is permitted to vacate the judgment "in its discretion," but under the second clause, the words "in its discretion" are omitted, the only condition imposed on granting the motion being "on such terms as may be just." We cannot agree with that contention of counsel.

We think it is in the sound discretion of the court whether or not it opens the default and permits the defendant to answer within one year, and as held in *Pearson v. Fishing Co.,* 99 Cal. 425, 34 Pac. 76, the exercise of the mere discretion of the court ought to tend, in a reasonable degree, at least, to bring about a judgment on the merits of the case. But that discretion ought not to be exercised in favor of the applicant unless a reasonable showing be made. (See *Humphreys v. Idaho G. M. & Dev. Co., ante,* p. 126, 120 Pac. 823.)

This case was decided wholly on a question of law and not of fact. The sufficiency of said application is not before this court, and since the trial court based its order denying said application on the ground that it was not made within six months after the adjournment of the term, and not on the ground that the showing made by the applicant was not sufficient to warrant the court in opening said default, the order and judgment must be set aside and the cause remanded to the court, with instructions to pass upon the sufficiency of said application and determine whether the showing is sufficient to warrant the court in setting aside the default judgment. A sufficient showing should be made, before the court is authorized to grant an application to set aside a default judgment, and that rule applies to this case as well as to all others where application is made to set aside a default.

The cause is remanded to the trial court, with instructions to pass upon the sufficiency of said application and make the proper order upon the determination of that question. Costs awarded in favor of appellant.

Ailshie, J., concurs.

STEWART, C. J., Dissenting.—I am unable to agree with the majority opinion either in its reasoning or conclusion. The question under consideration arises out of a motion to set aside a default judgment. The appellant, the Orchard Land Company, is a domestic corporation organized under the laws of the state of Idaho. The plaintiff in the trial court commenced an action to quiet title. Summons was is-

sued in said cause and placed in the hands of the sheriff. The sheriff made a return as follows:

"I hereby certify that I received the within summons on the 24th·day of September, 1909; that defendant is a corporation, and that its principal place of business and principal business office is at Orchard, Ada County, Idaho; that the President, Secretary, Treasurer and Managing Agent of said corporation have, and each of them has, removed from and ceased to be a resident of the State of Idaho, and that they have and each of them has been absent from the State of Idaho for more than five years last past, and that none of said persons have been in the State of Idaho for more than thirty days immediately preceding the commencement of this action.

"That defendant has not at this time, and has not had for more than five years last past, an office or place of business at said Orchard or in any other place in said Ada County, Idaho, or in the State of Idaho, and has not had during said time any representative in said state upon whom service could be had.

"That, on ascertaining said above mentioned facts, I made service on the said defendant, The Orchard Land Company, Limited, by delivering to Wm. L. Cuddy, Esq., Auditor of said Ada County, State of Idaho, at his office in the Courthouse Building of said Ada County, at Boise City in said County and State, during office hours, on the 25th day of September, 1909, a copy of said summons, together with a copy of the complaint in said action attached to said copy of summons.                     JAS. A. BENNETT,

"Sheriff of Ada County, Idaho."

Upon the hearing of the motion to open the default and permit the defendant to answer, an affidavit was filed by Edgar Wilson, who swore that he was attorney for the defendant, and "that neither the president or other head of said corporation, the defendant in the above-entitled cause, or the secretary, cashier or managing agent thereof, is now within the state of Idaho, and for that reason affiant, as attorney for said corporation makes this affidavit, and the facts

herein stated are within the knowledge of affiant . . . . that summons was issued on said complaint on said 24th day of September, 1909, but that no service of said summons or said complaint in said action has been personally had on the defendant, and said defendant has not been at any time since the commencement of said action personally served with summons or with process of any kind therein, nor has service thereof been had on defendant, by publication or otherwise, nor has defendant at any time since the commencement of said action ever received a copy of the summons issued therein or a copy of the complaint therein, or in any way been informed or advised of the nature of said action or proceeding against it until long after the default of the defendant had been entered . . . . and filed therein.''

Then follow statements in the affidavit as to the entering of judgment and that the defendant has a meritorious defense, and that he as counsel has advised the defendant that it has a meritorious defense, and accompanying such affidavit an answer and cross-complaint was tendered.

Upon the return thus made by the sheriff and the affidavit of Mr. Wilson, the trial court declined to set aside the default.

The reasons urged by appellant upon this appeal are, first, that a defendant in an action may apply for relief against his default and to answer at any time within one year after the rendition of judgment against such defendant, where the summons in the action has not been personally served upon the defendant; second, that in this case the record shows that the service made upon the defendant was not a personal service; therefore the defendant was entitled to file an answer in said case upon such terms as may be just.

The first proposition is conceded in this case, both in the argument and in the majority opinion. The second, however, is one of great importance and should have serious consideration. There was no dispute before the trial court upon the facts as to the service made in this case. The appellant corporation is a domestic corporation. At the time service was made all the officers of the company had left the state and

had remained out of the state for a period of more than five years. This corporation during all of this period of time was the owner of more than four thousand acres of land, and during that five years there was no officer or agent of the company within the state of Idaho, neither did such corporation or its officers look after or care for its property or pay the taxes upon the property described in the complaint. At the time service was made there was no officer or agent representing the company within the state. There was no person upon whom service of process could be made except the agent created and appointed by the laws of this state; that is, the county auditor. A corporation has no body or identity upon whom service can personally be made, but personal service may be made as provided by the statute, and it is so admitted in the majority opinion, by service upon a representative of such corporation, to wit, "president, or other head of the corporation, secretary, cashier or managing agent, and in the absence from the state of such president or other head of the corporation, secretary, cashier or managing agent thereof"; then the statute designates an agent or representative of such corporation and provides that service may be made upon such agent, to wit, the auditor of the county in which the principal office of such corporation is located, "in the same manner and with the same effect as though service had been made upon any of the above-mentioned officers or agents of such company." Thus the statute specifically says that service upon the county auditor may be made in the same manner and has the same effect as though made upon any of the officers named by the corporation. This language of the statute, to my mind, is plain and explicit and needs no construction; it construes itself and is a positive provision, and constitutes the auditor the agent of the corporation and makes the service upon such auditor of the same effect and to have the same consequence and results as service upon the officers or agents appointed by the company itself. The majority opinion says that service upon the officers has the same effect under the statute as personal service, and "has the same effect as personal service *so far as all future proceedings in*

*the action are concerned in regard to the trial of the case and
entry of judgment."*

I do not believe that this court has the power or authority
to insert in the statute now under consideration the language
set out in the majority opinion, and italicized as above. If
the legislature had seen fit to insert this provision in the
statute, that would have been done, but the legislature used
such language as they no doubt intended, and the language
itself is clear and explicit and says that such service has the
same effect as though made upon the officers appointed by
the company. Now, a summons is for the purpose of com-
manding the defendant, through the office of the person serv-
ing such notice, that such defendant has been sued, and that
the defendant is required to appear in court and to answer
the complaint made against him on a day named. The ma-
jority opinion holds that summons served upon the appellant
by the delivery to the county auditor required the said appel-
lant to appear in court and answer the complaint filed against
it in the same manner and at the same time that a summons
would have required had service been made upon any of the
officers of such corporation. That is all that the summons is
intended to do, and such notice gave the court jurisdiction of
the corporation as fully and as completely as though made
upon the officers of the company. It was no different notice,
and the appellant was required to do and did do all that a
defendant would be required to do or could do under notice
of summons served upon the officers of the corporation, and
the statute makes no distinction or discrimination or grants
advantages to one corporation and not to another. Under the
law announced in the majority opinion a corporation upon
whom service has been made by delivering a copy of the com-
plaint and summons to the officers of the corporation may
apply to set aside a default upon showing cause, any time
within six months after the close of the term. A corpora-
tion having an agent within the state, or officer within the
state, and which submits to the laws of the state, is given six
months after the close of the term to apply for relief against
a default judgment, while the opinion gives an outlaw cor-

poration that has abandoned the state and refuses to comply with, or subject itself to, the laws of this state, by not appointing an agent or providing for service upon some officer of the corporation, a year. The statute does not contemplate any such discrimination, in my opinion.

Let us go a little further. Supposing there are two corporations engaged in some business enterprise, both of which are organized under the laws of the state and have officials residing within the state; these two corporations incur large indebtedness and are unable to meet these obligations; they cannot pay their employees or pay for the supplies that have been furnished them in maintaining such corporations in carrying on their business. Creditors begin proceedings against the two corporations. One corporation has officers upon whom summons may be served in such action, and is limited by the court to six months after the close of the term of court in which it may apply for relief against such default, where good cause is shown. The other corporation has no officers or agents in the state and has withdrawn from the state, but service is made upon the agent appointed by the laws of the state. The service upon both corporations requires answer to be made within the same time and in the same manner. The creditors of both corporations in their proceedings obtain judgment, and the statute says that the service of summons in both instances has the same effect. Still, the majority opinion says that the first corporation may move to set aside such default and ask leave to answer upon proper showing made within six months from the date of the close of the term, while the second corporation may apply for the same relief and shall have one year from the date of the judgment to make such application. Thus corporations are put in separate classes and the rights of creditors are put in different classes and corporations are given different rights. The first corporation has obeyed and complied with the laws of the state; the latter corporation has disregarded the laws of the state, yet it is given greater rights. I cannot concur in such technical, and to my mind unwarranted, construction of the statute. To reach this conclusion it has become necessary for

the court to read into the statute provisions which are not there found. The statute is plain and certain and needs no construction or judicial amendment.

Section 4229 also provides that a showing must be made upon a motion to set aside a default, and that from such showing it must appear that such default was the result of "mistake, inadvertence, surprise or excusable neglect." In this case there is no attempt to show any reason or excuse why such corporation withdrew its officers from the state or why an agent was not designated within the state upon whom service might be made which was "equivalent" to service upon its officers. The appellant corporation certainly ought not to be excused for any mistake under the laws of the state of Idaho, and it knew our statutory provisions and cannot be excused for the mistake of withdrawing its officers from the jurisdiction of the courts of the state. There is nothing to show any inadvertence or that anything was overlooked by the corporation, because they were cautious enough to take out of the state all officers of the corporation and make it necessary for the state to appoint an agent for them upon whom process might be served. They certainly were not surprised by the default being taken, because with the property interest the corporation held within the state we would suppose that the company would take enough interest in the same to have appointed or designated somebody to look after such interests and to see that the company in some way contributed its share to the expenses of the state in looking after the appellant's property.

No reasons are given or excuses offered why officers of the appellant company left the state, for they certainly could not have anticipated that by so doing the courts of this state would give them privileges and advantages not enjoyed by other corporations. The majority opinion, however, holds that the judgment in this case should be reversed and that the trial court should pass upon the other questions in the case. The motion to set aside the default and permit answer required two things to be done: First, that the application, according to the majority opinion, might be made within a

year from the judgment; second, that sufficient cause should be shown. If both of these matters were required to be presented to the trial court upon the motion, and the court overruled the motion, it follows that if the court was correct in overruling said motion, the court should not reverse the judgment for the reason that the trial court had given the wrong reason for his answer in denying the motion. The trial court is not required to give his reason for deciding matters; if his ruling on the whole is correct, this court will not reverse the trial court, and that has been the rule established under all appeals in this court. The majority opinion sends this case back and requires the trial court to pass upon other questions which were involved in the motion now under consideration, and which might have been included in the reason given by the trial court, but he did not do so, and the fact that he gave a wrong reason is not reversible error. The sufficiency of the showing is argued upon this appeal, and all of the facts appear to be given in the affidavit filed by appellant's counsel, and if all these facts were before the trial court and constituted one of the essential parts of the motion and that court overruled the motion, the question was necessarily passed upon by the trial judge in passing upon the motion, and these facts being presented to this court, it could serve no purpose in sending this case back and requiring the trial court to pass upon the question again, which might result in another appeal presenting the identical matter before this court which ought to be passed upon in this appeal.