ROTHROCK, RESPONDENT, *v.* BAUMAN ET AL., APPELLANTS.

(No. 5,697.)

(Submitted April 25, 1925. Decided May 18, 1925.)

[236 Pac. 1077.]

*Default Judgments—Setting Aside—Corporations—Summons
—Substituted Service—Affidavit—Contents—Error of Clerk
in Issuing Order—Ineffective to Deprive Court of Juris-
diction.*

Summons—Corporations—Substituted Service—Insufficient Affidavit — Service Void.
   1.   An insufficient affidavit for substituted service of summons renders the order for such service void.

Same—Affidavit Need not Recite That Cause of Action Arose in State.
   2.   The affidavit for substituted service of summons required by section 9112, Revised Codes of 1921, need not recite that plaintiff's cause of action arose within this state.

Same—Affidavit—What Sufficient to Show That Plaintiff has Good Cause of Action.
   3.   Absence of a statement in an affidavit for substituted service of summons that plaintiff has a good cause of action upon the merits does not render it insufficient; if it discloses the nature of the action, the relationship of each of the parties to the subject matter of the litigation, and the relief sought, it suffices.

Same—Domestic Corporation—Affidavit—When Sufficient.
   4.   In an action against a domestic corporation, an affidavit for an order for substituted service of summons by the secretary of state or his assistant is sufficient if it discloses that the president or other head of the corporation, secretary, cashier or managing agent thereof cannot be found.

Same—Error of Clerk in Issuing Order Held Insufficient to Render It Invalid.
   5.   Where substituted service of summons upon a corporation was properly made on the deputy secretary of state in the absence of the secretary himself, and that officer did what he was required to do in the premises, the fact that the clerk in issuing the order for the substituted service directed that it be made upon the secretary of state or upon his deputy, instead of upon the secretary or "in his absence from his office" upon the deputy in conformity with the requirement of section 9112, Revised Codes, did not render the order invalid so as to deprive the court of jurisdiction to render judgment by default.

Corporations, 14 C. J., sec. 2903, p. 802, n. 34 New; sec. 2906, p. 804, n. 64 New.
   Process, 32 Cyc., p. 461, n. 77.
      73 Mont.—26

*Appeal from District Court, Blaine County; Charles A. Rose, Judge.*

ACTION by J. L. Rothrock against Charles Henry Bauman and others. Judgment for plaintiff. From order overruling motion of defendant Milk River Lumber Company to set aside default judgment, it appeals. Order affirmed.

Cause submitted on briefs of Counsel.

*Mr. W. B. Sands,* for Appellant.

*Mr. Fred. C. Gabriel,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to foreclose a mortgage upon real property in Blaine county. The defendants Charles Henry Bauman and Minnie Bauman are the mortgagors, and the other defendants were made parties because each of them apparently had some lien or claim upon the mortgaged property. Summons was issued and served upon certain defendants, but the sheriff made return that he was unable to find other defendants, including the Milk River Lumber Company. Thereupon the attorney for the plaintiff made and filed an affidavit, and the clerk of the court issued an order directing that the defendant Milk River Lumber Company be served by service of the summons upon the secretary of state or the deputy secretary of state. After the time for appearance had expired and none of the defendants had appeared, the default of each of them was entered, and the plaintiff having submitted his evidence, a judgment of foreclosure was rendered and entered, an order of sale issued, and the property was sold on December 22, 1923. In March, 1924, the Milk River Lumber Company appeared specially and moved the court to set aside the judgment as to it, but the motion was denied. Later, by

leave of court, the motion was renewed, but the renewed motion was likewise overruled, and the lumber company appealed from the order.

It is the contention of the appellant that the affidavit upon [1] which the order for service of summons upon the secretary of state or his deputy was procured is insufficient, and that the order itself is void. It is elementary that unless a sufficient affidavit was filed, the order for substituted service is a nullity. (*Alderson* v. *Marshall,* 7 Mont. 288, 16 Pac. 576; *Palmer* v. *McMaster,* 8 Mont. 186, 19 Pac. 585.)

Section 9112, Revised Codes, provides: ''When an action is pending in any court in this state against a corporation organized under the laws of this state, or against a corporation organized under the laws of any other state or country, that has filed a copy of its charter in the office of the secretary of state of Montana and qualified to do business in this state, upon any cause of action arising within this state, and the president or other head, secretary, cashier, or managing agent of such domestic corporation, or the business agent, cashier, secretary, or agent appointed to receive service of process by such corporation organized under the laws of any other state or country, or any clerk, superintendent, general agent, cashier, principal director, ticket agent, station-keeper, managing agent, or other agent, having the management, direction, or control of any property of any corporation doing business in this state, cannot be found, upon which service of process can be made, and an affidavit is filed in the office of the clerk of the court in which the action is pending, setting forth that an action is pending in that court, and that the plaintiff has a good cause of action upon the merits, and that such corporation is a necessary party therein, and that none of the persons or officers above named can be found within the state, upon whom service of process can be made, the clerk of the court shall make an order 'directing process to be served upon the secretary of state of the state of Montana, or, in his absence

from his office, upon the deputy secretary of state of the state of Montana."

The alleged defects in the affidavit are:

(a) It does not disclose that plaintiff's cause of action arose in this state.

The statute does not require that the affidavit shall contain this [2] statement. The section above specifies very particularly what facts must be made to appear in the affidavit, and the fact that plaintiff's cause of action arose in this state is not one of them. The statute applies only to a cause of action arising within this state, but the fact that it is such a cause of action is apparently left to be determined from an examination of the complaint.

(b) It does not state that plaintiff has a good cause of action upon the merits.

The affidavit does not contain the statement in the words of [3] the statute, and, if it did, such statement would be but the legal conclusion of the affiant. It does disclose fully the nature of the action, the relationship of each of the parties to the subject matter of litigation, and the relief sought, from which it does appear that plaintiff has a good cause of action on the merits, and this meets the requirements of the statute.

(c) It does not disclose that there is not "any clerk, sup-[4] erintendent, general agent, cashier, principal director, ticket agent, station-keeper, managing agent, or other agent, having the management, direction or control of any property of" the Milk River Lumber Company upon whom service of summons could have been made.

It does appear that the Milk River Lumber Company is a corporation organized under the laws of this state, and a reference to · section 9112 discloses that the persons named above are made the representatives of a foreign corporation for the purpose of service of summons, but are not constituted the representatives of a domestic corporation. When section 9112 is read in connection with subdivision 1 of section 9111,

the correctness of this conclusion is made apparent. In an action against a domestic corporation, the only persons upon whom service of summons can be made are "the president or other head of the corporation, secretary, cashier or managing agent thereof" (section 9111), or, in their absence, the secretary of state or his deputy (section 9112).

2. The order issued by the clerk directed that "service of [5] the summons in this action be made upon the secretary of state of the state of Montana, or upon the deputy secretary of the state of Montana." A comparison of this order with the concluding sentence of section 9112 discloses that the clerk omitted, after the word "or," the following, "in his absence from his office." To have been word perfect, the order should have directed service to be made "upon the secretary of state of the state of Montana, or, *in his absence from his office,* upon the deputy secretary of state of the state of Montana," Because of the indicated omission, it is insisted that the order is void, and that the service made upon the deputy secretary of state was ineffectual to give the court jurisdiction to render judgment against this appellant.

Although section 9115 designates service made upon the secretary of state or his deputy "personal service," it is nevertheless substituted service, as distinguished from constructive service; that is to say, it is service upon a public officer who does not bear any actual relationship of agency to the corporation, but is by the statute merely designated agent for the purpose of service. (4 Fletcher's Cyclopedia of Corporations, sec. 3005; *Brooks* v. *Orchard Land Co.,* 21 Idaho, 212, 121 Pac. 101.) The provisions of the statute above, for an order for substituted service, do not differ materially from those which govern in the case of constructive service (sec. 9117); and it is the general rule that a substantial compliance with the statutory requirements will suffice. (32 Cyc. 480.)

The record herein discloses that the summons was sent to the sheriff of Lewis and Clark county for service, and his re-

turn recites that he received it on the twenty-eighth day of
June, 1923, and made service on the same day by delivering
a copy of the summons, a copy of the complaint, and a copy
of the order, to C. L. Walker, deputy secretary of state, and
that Charles T. Stewart, secretary of state, "was absent from
his office at the time." The record discloses further that on
the same day Mr. Walker sent the copy of the summons, copy
of the complaint, and copy of the order, by registered mail,
to the Milk River Lumber Company at Chinook, Montana,
that being the location of the principal home office of the com-
pany, as shown by the copy of its articles of incorporation on
file in the office of the secretary of state. Neither the sher-
iff's return, nor the certificate of the deputy secretary of state
made pursuant to the provisions of section 9114, is questioned.
The sheriff's return is *prima facie* evidence of the facts therein
stated. (Sec. 4779.) So that we have before us the fact that
notwithstanding the form of the order, service was made upon
the deputy secretary of state because of the absence of the
secretary of state from his office. In our opinion it is the
fact of the absence of the secretary of state from his office
which constitutes the deputy the agent of the corporation for
the purpose of service, and it is that fact, and not the recital
in the order, which authorizes the sheriff to make service upon
the deputy. If the order in question had followed the lan-
guage of the statute *verbatim, literatim et punctatim,* the
sheriff's service and return would have been just what they
were; the deputy secretary of state would have done just what
he did do, and would have made the certificate which he did
make in conformity with the requirements of section 9114,
and the corporation would have received precisely the same
notice which it did receive.

In our opinion, the omission from the order of the words
"in his absence from his office" did not render the order in-
valid, and it is apparent that the appellant was not preju-
diced in respect of any substantial right or at all. Section

9191, Revised Codes, provides: "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.