MONTANA VALLEY LAND CO., RESPONDENT, v.
BESTUL, ET AL., APPELLANTS.

No. 9107.

Submitted November 14, 1952. Decided February 11, 1953

253 Pac. (2d) 325.

Mr. J. J. McIntosh, Forsyth, Mr. G. J. Jeffries, Roundup, for appellant.

Messrs. Smith, Boone & Rimel, Missoula, for respondent.

Mr. Jeffries and Mr. Russell E. Smith argued orally.

MR. JUSTICE ANGSTMAN:

This is an action to quiet title to certain real estate situated in the county of Musselshell. The court found in favor of plaintiff and defendants have appealed from the judgment. The complaint was in the usual short form in a quiet title action. The defendants by their answer and cross complaint alleged that they are the owners and holders of a real estate mortgage on the lands involved, executed on the 1st day of July 1924, by the plaintiff to them, securing an indebtedness evidenced by a promissory note in the sum of $2,000 given as part of the purchase price of the land. The answer and cross complaint of the defendants asked for a foreclosure of the mortgage and for a deficiency judgment.

Plaintiff's reply or answer to the cross complaint admits that its charter became inoperative for nonpayment of taxes in Delaware on the 1st day of April 1932. It alleges that thereafter and prior to the bringing of this action the corporation charter was restored and revived under the provisions of the laws of the state of Delaware where the same was incorporated and alleges that at all times referred to in the pleadings the corporation was in existence for the purposes of suit in the state of Montana. It admits the execution of the note and mortgage and alleges that the note became due on the 1st day of July 1929, and alleges that the cause of action in the cross complaint is barred by the provisions of section 9029, R. C. M. 1935, now R. C. M. 1947, sec. 93-2603, and by section 8267, R. C. M. 1935, now R. C. M. 1947, sec. 52-206. It alleges that no affidavit of renewal to the mortgage was filed pursuant to R. C. M. 1947, sec. 52-206.

Defendants in reply to the answer to the cross complaint take the position that during the period when the charter of the corporation was void and of no effect, no action could have been brought against it by the defendants for the foreclosure of the mortgage and for personal judgment and that therefore the several Statutes of Limitations pleaded do not bar the action.

The court found that the note referred to in defendants' cross complaint was made and delivered to C. S. B. Hoel, the

attorney in fact for the defendants, and that the mortgage securing the same was likewise delivered to Hoel. The court found that the note and mortgage have been lost; that Hoel has since died; that the defendants are the lawful owners and holders of the note and mortgage; that the cause of action set forth in the cross complaint arose in the state of Montana; that the charter of the plaintiff corporation was suspended under the Delaware laws in 1932 for failure to pay franchise taxes; but that such suspension did not render the plaintiff corporation dead but merely suspended its right to engage in business during the suspension; that the corporate life was reinstated in the state of Delaware in 1945 and the company thereupon requalified to do business in the state of Montana; that when the company first started business in Montana it named E. M. Hall as statutory agent; that thereafter E. G. Toomey was appointed as such agent upon the company requalifying and that this constituted a revocation of the agency of E. M. Hall; that both E. G. Toomey and E. M. Hall are now and at all times mentioned in the pleadings were residents of the state of Montana. The court made conclusions of law to the effect that service could have been obtained upon the corporation by the defendants for foreclosure of the mortgage set forth in the cross complaint and for a personal judgment. The court found that the action on the note set forth in the cross complaint was barred by the provisions of R. C. M. 1947, sec. 93-2603, and that the mortgage is of no further force or effect and that the plaintiff is not estopped from pleading the Statute of Limitations without first paying the amount due on the note.

So far as R. C. M. 1947, sec. 52-206, is concerned, it is sufficient to say that the mortgage itself remained good and valid without the filing of an affidavit of renewal as between the original parties so long as the debt itself is not barred by the Statute of Limitations. Compare Morrison v. Farmers' & Traders' State Bank, 70 Mont. 146, 225 Pac. 123; Skillen v. Harris, 85 Mont. 73, 277 Pac. 803; Turner v. Powell, 85 Mont. 241, 278 Pac. 512; Sommer v. Wigen, 103 Mont. 327, 62 Pac.

(2d) 333; Hogevoll v. Hogevoll, 117 Mont. 528, 162 Pac. (2d) 218.

The principal question involved is whether the debt involved in the cause of action alleged in the cross complaint is barred under R. C. M. 1947, sec. 93-2603, which provides an eight-year limitation upon ''An action upon any contract, obligation or liability, founded upon an instrument in writing.''

Defendants contend that they were unable to secure service upon the plaintiff during the period when the charter of plaintiff was suspended and void and that the situation is exactly the same as if the one upon whom service of process was sought was a nonresident of the state under R. C. M. 1947, sec. 93-2702, which reads: ''If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.''

Defendants take the position that when E. M. Hall was appointed statutory agent, he was simply authorized to accept service and the corporation itself was giving its consent to be sued in the courts of this state ''upon all causes of action arising against it in this state''. R. C. M. 1947, sec. 15-1701. They contend that the cause of action alleged in the cross complaint did not arise in the state of Montana.

It is sufficient to say of this point that all actions to foreclose ▓ mortgages on Montana land arise in and must be brought in Montana. Standard Oil Co. v. Idaho Community Oil Co., 95 Mont. 412, 27 Pac. (2d) 173; Rothrock v. Bauman, 73 Mont. 401, 236 Pac. 1077; Hogevoll v. Hogevoll, 117 Mont. 528, 162 Pac. (2d) 218.

Was the plaintiff corporation subject to suit during the period ▓ when its charter was suspended for nonpayment of taxes due to the state of Delaware?

The effect of the nonpayment of taxes upon the life of plaintiff was before this court in Stensvad v. Ottman, 123 Mont.

158, 208 Pac. (2d) 507, and this court in reliance upon statutes of Delaware and cases by Delaware courts and others held that the corporation under such circumstances is not completely dead but has sufficient life to be a repository of title to real estate. This is the general rule elsewhere as is to be noted in 19 C. J. S., Corporations, sec. 1772, p. 1562, where it is said: "A corporation whose name is stricken from the records by the secretary of state for failure to pay its license fee may sue or defend, since under the statute it is entitled to reinstatement at any time and hence is not dissolved." And see: State ex rel. Bowen v. Superior Court of Snohomish County, 135 Wash. 315, 237 Pac. 722; Hazard v. Park, 8 Cir., 294 F. 40; Mushrush v. Downing, 181 Ark. 85, 24 S. W. (2d) 972; Marley v. National Bank of Greece, D. C., 20 F. Supp. 214.

"It would be an amazing paradox indeed if the fact that the corporation failed to pay its debts to the state should operate to absolve it from its obligations to others." Ionic Lodge No. 72 F. & A. A. M. v. Ionic Lodge etc., 232 N. C. 252, 59 S. E. (2d) 829, 835.

R. C. M. 1947, sec. 15-1202, saves the remedy against a domestic corporation for liabilities accrued before dissolution, and because of Article XV, sec. 11, of our Constitution, the same is true of a foreign corporation. Mieyr v. Federal Surety Co., 94 Mont. 508, 23 Pac. (2d) 959. Here, as above noted, there was no complete dissolution and certainly the remedy, accruing before suspension of the right to do business was forfeited, was not affected.

Was there any method of obtaining service upon the corporation so as to obtain a personal judgment against it in the event that the sale of the property on foreclosure would not satisfy the debt?

Plaintiff, as above noted, filed consent to be sued in Montana and named an agent upon whom process could be served. If we assume that the authority of the statutory agent in Montana was revoked upon revocation of the charter of the corporation

in Delaware, our statutes still provided a method of obtaining service upon the corporation.

R. C. M. 1947, sec. 93-3007, provides the method of serving summons upon corporations, both domestic and foreign. The first paragraph of that section treats of domestic corporations only. The second paragraph expressly relates to foreign corporations and nonresident joint stock companies or associations. Paragraph 6 provides: "If the suit is against a corporation whose charter or right to do business in the state has expired or been forfeited, by delivering a copy thereof to any one of the persons who have become trustees for the corporation and its stockholders or members, and if none such can be found, service may be made upon the secretary of state in the manner prescribed by section 93-3008." This paragraph is sufficiently broad to cover either a domestic or a foreign corporation and hence authorizes service upon the secretary of state.

R. C. M. 1947, sec. 93-3011, provides: "When service is so made, it shall be deemed personal service on such corporation, and the said secretary of state, or his deputy when the secretary is absent from his office, is hereby appointed agent of such corporation for service of process in cases hereinbefore mentioned."

Such service on the secretary of state being considered by statute as personal service, it follows that a personal judgment may be entered on such service. Defendants contend that service on the secretary of state is only substituted service by reason of the holding in Rothrock v. Bauman, 73 Mont. 401, 236 Pac. 1077.

In the Rothrock Case the court distinguished between substituted service and constructive service. Personal service of process means delivery to the defendant personally. But even in the case of individuals, it is competent for the legislature to give other modes of service the force of personal service. Thisler v. Little, 86 Kan. 787, 121 Pac. 1123; First National Bank of Casselton v. Holmes, 12 N. D. 38, 94 N. W. 764; McKenzie v. Boynton, 19 N. D. 5? ¿25 N. W. 1059. Since a corporation is but an artificial bein   t is proper for the legislature

to prescribe what shall constitute personal service on such a being and it is competent for the legislature to provide that service on the secretary of state shall constitute personal service on the corporation. Midvale Paper Board Co. v. Cup Craft Paper Corp., 173 Misc. 786, 19 N. Y. S. (2d) 135.

Defendants' last contention is that before plaintiff may have a judgment quieting title, it must first do equity by paying or offering to pay the amount of the note and mortgage.

From what we have already said, the debt was barred by the Statute of Limitations since defendants at all times since the making of the note had a remedy against the corporation for recovery of the debt. When the debt is barred the lien given to secure it is extinguished. R. C. M. 1947, sec. 45-306. And liens include mortgages. R. C. M. 1947, sec. 45-106. See Siuru v. Sell, 108 Mont. 438, 91 Pac. (2d) 411, 123 A. L. R. 423.

The question was before this court in Berkin v. Healy, 52 Mont. 398, 158 Pac. 1020, 1022, where the court in holding the contention without merit said: "In many jurisdictions the lien of the mortgage continues notwithstanding the debt is barred, and under such circumstances a court of equity would invoke the maxim, 'He who seeks equity must do equity,' 'He who seeks cancellation of the lien must pay the debt.' But in this state, where the lien of the mortgage is entirely extinguished as soon as the debt is barred and the mortgagee cannot thereafter assert any claim or interest by virtue of the mortgage, the right of action does not depend upon the bare fact that the debt is barred, but upon the fact that the mortgage has ceased to be of any force or validity; that its cancellation will not deprive the mortgagee of any right; and that the policy of unrestricted devolution of property, which must have prompted the enactment of section 5728 [Rev. Codes 1907, now R. C. M. 1947, sec. 45-306], is promoted by clearing the record of a cloud which obstructs the plaintiffs in the exercise of their right of ownership."

Since the rule is settled in this state, we are not concerned with cases in other jurisdictions taking a contrary view.

Defendants contend that Swingley v. Riechoff, 112 Mont. 59, 112 Pac. (2d) 1075, 1077, is contrary to the Berkin Case. This is not so. In the Swingley Case the court referred to cases supporting defendants' view in this case but then went on and said: "The rules there laid down, however, have been modified to some extent largely due to new statutes enacted relative to the life of real estate mortgages. And in Montana section 8267, Revised Codes [1935, now R. C. M. 1947, sec. 52-206], makes it necessary to modify some of the old fundamental principles of equity in dealing with the lien of real estate mortgages. We do not think, however, that for the reasons that will hereafter be stated that the rule we are obliged to follow by reason of section 8267 [limiting the life of a mortgage, should be applied to relieve the mortgagor of the obligation to repay to the mortgagee taxes paid by the latter on the mortgaged land], even though the mortgagee's lien on the land is barred by the statute of limitations."

The only question decided in the Swingley Case was that the mortgagor must pay the taxes which had been paid by defendant to protect the property from being sold for delinquent taxes. It did not depart from the holding in the Berkin Case. Other Montana cases relied on by defendants are distinguishable. Larson v. Peppard, 38 Mont. 128, 99 Pac. 136, 129 Am. St. Rep. 630, dealt only with the question of plaintiff's obligation to pay taxes which defendant had paid.

In Frisbee v. Coburn, 101 Mont. 58, 52 Pac. (2d) 882, the debt was not barred as here, nor did it appear that the mortgage had not been renewed. In Hall v. Lommasson, 113 Mont. 272, 124 Pac. (2d) 694, plaintiff had certain obligations under the contract involved which were not barred by the Statute of Limitations. Likewise the case of Perham v. Putnam, 82 Mont. 349, 267 Pac. 305, is distinguishable.

The court was right in entering judgment for plaintiff. The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE ANDERSON not being a member of the court when the oral arguments were held took no part in the decision.