**F. Dick BAKER, Plaintiff,**

v.

**FERGUSON RESEARCH, INC., a Nevada corporation, et al., Defendants.**

**Civ. No. 2249.**

United States District Court,
D. Montana,
Missoula Division.

Jan. 30, 1974.

Raymond W. Brault, Missoula, Mont., for plaintiff.

Robert Skelton, Missoula, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

This action was filed December 8, 1972. It was dismissed as to Defendant Western Land Roller Company, and on July 16, 1973, by leave of court, an amended complaint was filed naming Ferguson Research, Inc., a Nevada corporation, and its officers and agents, one of whom is Harry J. Vonderheide. Vonderheide's liability, if any, would be dependent upon a liability existing in Ferguson Research, Inc.

Harry J. Vonderheide moves to dismiss on the ground that since the cause of action accrued on December 9, 1969, it is now barred. R.C.M.1947 § 93–2605. The action is barred unless the limitations were tolled because the defendant was out of the state (R.C.M.1947 § 93–2702) or unless the amendment may be related back under Fed.R.Civ.P. 15(c).

■ R.C.M.1947 § 93–2702 was enacted before the day of the long-arm statutes and was intended to prevent the statute of limitations from running against a defendant who could not be served with process. In this case the same process which is used to bring Defendant Vonderheide before the court was available at the time the accident occurred. Mont.R.Civ.P. 4. Under these circumstances the defendant was not out of the state for the purposes of R.C.M.1947 § 93–2702. Steiner v. 20th Century-Fox Film Corp., 232 F.2d 190 (9th Cir. 1956); Dedmon v. Falls Products Inc., 299 F.2d 173 (5th Cir. 1962). *See also* Montana Valley Land Co. v. Bestul, 126 Mont. 426, 253 P.2d 325 (1953).[1]

■ In the initial complaint Western Land Roller Company, a Nebraska corporation, was named as a defendant, and it was alleged to be liable by reason of its connection with the Bearcat snow scraper which caused plaintiff's injuries. In the amended complaint Ferguson Research, Inc., a Nevada corporation, is described as the manufacturer of the snow scraper, which is not in the amended complaint described as a Bearcat. Plaintiff seeks to bring himself within that portion of Rule 15(c) relating to a change of parties. Rule 15(c) permits a relation back if, among other things, the defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Plaintiff does not show any connection between Western Land Roller Company and Ferguson Research, Inc., the file shows none, and by affidavit it does appear that Western Land Roller Company and Ferguson Research, Inc., are not related, that Defendant Vonderheide was in no way connected with Western Land Roller Company, and had no knowledge of the institution of the action or of the injuries allegedly sustained by plaintiff.

1. In Dedmon v. Falls Products Inc., 299 F.2d 173, 175 (5th Cir. 1962), the court said:

"... The appellant argues that the plain meaning of this savings clause is that the statute of limitations does not run in favor of an absent defendant. This construction puts the appellant in the anomalous position of asserting that the defendants were constructively present, for purposes of being sued, but were not present, for purposes of the statute of limitations. The construction seems to ignore the purpose of the savings clause—to protect a claimant unable to obtain service of process, because of the defendants' absence."

Plaintiff argues (although the record does not otherwise show it) that since the machine causing the injury bears the registered trade name "Bearcat" any complaint describing a Bearcat snow scraper would put any defendant manufacturing a Bearcat snow scraper on notice that it was the intended defendant. If all of this be conceded, still it cannot be said that a defendant who had no knowledge of an action knew or should have known that that action was directed at him. Under these circumstances the requirements of Rule 15(c) are not met, there is no relation back, and the statute has run.

The action is dismissed as to Harry J. Vonderheide.